WRIGHT & CLARK v. W. A. DAVENPORT.

1. MEASURE OF DAMAGES.—In an action upon a note executed in part consideration for "a 16-horse power portable engine" defendant pleaded in reconvention breach of a guaranty of the capacity of the engine: *Held,* That the relief was an abatement of the purchase-money equal to the difference in the value of the engine furnished and that contracted for.

2. SAME.—In the absence of fraud or of an express contract to take back an article sold with guaranty, the vendee cannot return the article and recover back all the purchase-money. The measure of

damages is the difference between the article delivered and that called for in the guaranty.

3. This rule will not apply to contracts where there is an express or implied agreement that the vendee shall not be required to keep the article if not such as was stipulated for, but in such case the goods are returned under the contract.

APPEAL from Gregg.  Tried below before the Hon. Z. Norton.

This was a suit by appellants on a note for balance due for a steam engine.

The defendant pleaded in reconvention that the engine was not such as was guaranteed in the contract.

Judgment was rendered for the defendant, from which an appeal was taken.  The facts are sufficiently stated in the opinion.

*Mason & Campbell*, for appellants.

*McCord & McKay*, for appellee.

MOORE, ASSOCIATE JUSTICE.—Suit was brought by appellants in the District Court of Gregg county against appellee, on a note for nine hundred and twenty-four $\frac{69}{100}$ dollars, for balance agreed to be paid for "a 16-horse-power portable engine, complete, with governor," bought of appellants, and to foreclose a mortgage given by appellee on said "engine, with governor attached, and fixtures," to secure the payment of said note.

Appellee answered by a general exception, general denial, and that appellants guaranteed said engine, when put in good running order, to saw four thousand feet of pine lumber a day.  But said engine proved to be, on inspection by persons competent to judge thereof, an engine of not more than 10-horse power, and, after a full and fair trial, not capable of sawing more than two thousand feet of pine lumber per day, and by reason of its incapacity was wholly useless to him, and therefore the consideration for which said note was given had wholly failed.

Appellee also pleaded in reconvention that he purchased said engine on the faith of appellants' said guaranty, and at the time of its delivery paid them nine hundred and twenty-four $\frac{69}{100}$ dollars in cash, and executed his said note for the balance of the purchase price ; that after erecting and putting said engine in order he found it wholly insufficient to do the work warranted by appellants ; that he informed appellants of said deficiency, offered to deliver said engine back to them, and demanded the repayment of said sum paid in cash as aforesaid and the cancelation of said note. All of which appellants refused.  He was compelled, therefore, to keep and hold the same, but has been at all times since, and is still, ready and willing to return said engine. Whereupon he prays that said note be canceled, and that he have judgment against appellants for said amount paid thereon in cash as aforesaid, and also for special damages which it is alleged he has sustained by reason of said engine not being such as guaranteed by appellants.

A jury was waived, and the cause was submitted to the court, by whom it was adjudged that appellants take nothing by their suit, that appellee have judgment against them for the amount paid on the said engine, and that he should return and deliver it to appellants at the city of Jefferson, Marion county, the place where he received it.

It appears from the statement of facts that the evidence, as to whether there was a breach of the warranty, was quite conflicting.  If, therefore, the judgment is such an one as should be rendered on the issues made by appellees' pleas being decided in his favor, the judgment must be affirmed. There was no testimony tending to show that the engine was utterly worthless and of no value whatever, or to prove the difference between its real value and an engine of the capacity and efficiency such as it was warranted to be. Evidently appellee did not seek compensation in damages merely for the breach of the warranty.  He manifestly relies upon his supposed right to rescind the contract for

breach of the warranty; and unless the vendee, under an executed contract of this character, has the right to tender back the goods purchased, if they prove to be not such as warranted, and cancel the contract, the judgment must be reversed.

There seems unquestionably to be a difference in the decisions of the courts of our sister States upon this question, and there has perhaps been some fluctuation upon it even in the English courts. A full analysis of all the cases would probably show that the apparent discrepancy in the decisions will generally be dissipated if the real import of the contract and intention of the parties are correctly understood. Be this as it may, "the better opinion," we think, as says Mr. Sedgwick in his treatise on the Measure of Damages, "however, seems to be that where there is no fraud and no agreement to return the vendee cannot, at his own option, rescind the contract, but has only an action on the warranty." (P. 286.)

The rights of the parties are thus stated in Story on Contracts: "Where there is a breach of the agreement or warranty, accompanied with fraud, the buyer may always return the goods or not, at his pleasure. When there is no fraud, and the warranty goes to the fitness of the article, and it proves wholly unsuitable, or to the identity of the article, and it proves another thing from that for which it was sold, it may be returned upon breach of the agreement or warranty. But if the warranty goes to the degree of fitness or to quality, and it proves to be of an inferior quality or fitness, the goods cannot be returned, and the remedy is by action for damages, the measure of which is the difference between the value of the article as it is and as it was represented to be. Thus, if a machine is sold for a particular purpose, and it will perform none of the functions, it may be returned; but if it only perform them badly the remedy is by action for damages." (Sec. 850. See also to the same effect Chit. on Cont., 399; Benj. on Sales, 741.) And says

the American annotator on Smith's Leading Cases, "It is accordingly well settled that a mere breach of warranty, unattended by fraud, does not entitle the vendee to rescind the contract or return the goods." (2 vol., p. 276.)

On the other hand, it is said in Parsons on Contracts, (p. 474,) "Secondly, he may return the goods forthwith, and if he does so without unreasonable delay this will be a rescinding of the sale, and he may sue for the price if he has paid it, or defend against an action for the price if one be brought by the seller. But some authorities of great weight limit his right to return the goods for breach of warranty to cases of fraud, or where there was an express agreement to that effect between the parties."

It will be seen from these citations and the cases to which they refer in their support, that with all due respect for the eminent commentator last cited, and the able courts of Alabama, Ohio, Maryland, Vermont, and other States which recognize the right of the vendee to rescind the contract for a breach of warranty, that the contrary rule is supported by much the greatest weight of authority. And as we think it rests upon the soundest principle, in the absence of any authoritative decision upon the question in our own court, we are constrained to give it our sanction.

Unquestionably "the object of the purchaser often is not the acquisition of the specific thing which he sees and examines, but of merchandise of a particular quality or nature. He believes what the seller offers or exhibits to be what he wants, but he does not know whether it is so or not, and desires to make the contract in such a form as to render himself secure." And if there is an express or implied agreement that he shall not be required to keep the goods if they do not prove to be such as they are represented, the purchaser has the right to return them and cancel the contract if they are not such as stipulated. But in such case the article is returned by virtue of the agreement; there is a failure in the terms or condition incorporated into and

forming a part of the contract, and not a mere breach of an undertaking collateral to it. To confound cases of this sort with those of breach of warranty is to lose sight of the nature and legal effect of different and dissimilar character of contracts. It may be that the allegations of appellee's plea in reconvention would have justified proof of a contract such as is here referred to, particularly in the absence of a special exception, but evidently such an one is not shown by the written guaranty given him by appellants, or even by his own testimony, if admissible, to vary or change their contract as reduced to writing.

Because the judgment is not warranted by the evidence it is reversed, and the cause is remanded to the District Court.

Reversed and remanded.