JESSE FRENCH PIANO AND ORGAN COMPANY v. A. P. THOMAS.

Decided May 11, 1904.

**Contract—Rescission—Fraud.**

A plea of failure of consideration, without allegation of fraud, does not raise the issue of the right to rescind a contract.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*U. F. Short,* for appellant.

No briefs for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee upon certain promissory notes. Appellee answered by demurrers, general denial and special plea, by which he asserted that the notes sued on were given as part of the consideration for the purchase of two pianos, warranted by the plaintiff to perform well and to do reasonable and satisfactory service, which warranty he alleged had been breached. And further alleged that he had offered to return the pianos, and that the plaintiff had refused to receive them. The pleading referred to did not charge the plaintiff with fraud, but did allege that the pianos were worthless and of no value to defendant, for which reason, together with the other matters pleaded, he averred that the consideration for the notes sued on had wholly failed, and prayed for judgment for $50, the amount paid by him to the plaintiff for the pianos, and for cancellation of the notes.

The trial resulted in a verdict and judgment against the plaintiff as to its cause of action, and for the defendant and against the plaintiff for $50 and cancellation of the notes.

We sustain the fourth assignment of error, which complains of the refusal of the court to give an instruction requested by the plaintiff, which correctly stated the measure of damages for the breach of warranty. That phase of the case was not covered by the charge given by the court.

We also hold that the court should not have submitted to the jury the question of rescission of the contract, because the defendant's answer did not raise that issue. The answer did not charge the plaintiff with fraud, and therefore the defendant was not entitled to a rescission of the contract. Wright v. Davenport, 44 Texas, 164; Stark v. Alford, 49 Texas, 275.

Foregoing any opinion as to the merits of the case, we overrule the assignments presenting other questions of law.

In view of the questions which may arise upon another trial after the pleadings are amended, we cite Evans v. Goggan, 5 Texas Civ. App., 129; Ellis v. Riddick, 34 Texas Civ. App., —, 8 Texas Ct. Rep., 964.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*