## JESSE FRENCH PIANO AND ORGAN COMPANY V. GARZA & COMPANY.

### Decided January 20, 1909.

**1.—Rescission of Sale—Failure of Consideration—Pleading.**

A petition in a suit by the buyer to rescind a sale of an automatic electric piano, held good, as against general demurrer, wherein it was alleged that before sale the seller's agent represented and warranted that the instrument if properly used and handled would give no trouble and require no repairs for five years, and guaranteed the soundness for said period; that the buyer believed and relied on such representations as being true, and same constituted the consideration for the purchase; that such representations were untrue and incorrect in that although carefully used and handled, the piano began to get out of order and failed to operate, though properly connected with a sufficient electric current, immediately after the sale, and has continued from time to time ever since the purchase to fail to operate, and that the exact nature of the defects are unknown to said buyer, wherefore the consideration has wholly failed.

**2.—Evidence—Leading Question.**

A question to a witness who was the plaintiff in a suit to rescind a sale on the ground of breach of warranty, "state whether or not you relied

upon representations made to you," was not objectionable as leading. The question did not suggest to the witness that an affirmative rather than a negative answer was desired.

### 3.—Same—Warranty—Custom.

In a suit by the buyer to rescind a sale of an automatic piano on the ground of breach of an express warranty and guaranty that same was sound and if properly handled would give no trouble and need no repairs for the period of five years, evidence that it was customary to warrant pianos for five years was inadmissible to prove the warranty.

### 4.—Rescission of Contract—Recovery of Purchase Money.

In a suit by the buyer to rescind a contract of sale and to recover the purchase money paid and to cancel the purchase money notes upon the ground that the representations made by the seller as to quality and efficiency of the article sold were untrue and that it was not such as warranted, wherein the seller pleaded only the general denial, the latter could not complain of a charge authorizing a verdict for plaintiff for all the money paid and the cancellation of the notes for unpaid purchase money. If he was entitled to an abatement of any part of the purchase money under the pleadings and evidence he should have requested a special charge.

### 5.—Same—Fraud—Pleading.

To entitle the buyer to return an article sold with a guaranty, and recover all the purchase money, there must be fraud or a contract on the part of the seller to take back the article; but where the matters averred constitute what is deemed by the law a constructive fraud, it need not be alleged that the representations were fraudulently made.

### 6.—Same.

False and fraudulent representations by the seller will not entitle the buyer to rescind a contract of sale unless they are believed to be true and acted upon by him as an inducement in making the purchase.

### 7.—Same.

The buyer is entitled to a rescission of a contract of sale upon tendering the article sold and proof that the seller made certain representations which were false and fraudulent and which he relied upon and was induced thereby to make the purchase, regardless of whether the article was entirely worthless or not.

### 8.—Same—Warranty by Agent.

Failure of a warranty or guaranty made by the agent of the seller personally, and not in his capacity as such agent, affords no ground for a rescission of the contract of sale by the buyer.

Error from the County Court of Bexar County. Tried below before Hon. P. H. Shook.

*Gordon Bullitt* and *U. F. Short,* for plaintiff in error.

*Kelso & Lipscomb,* for defendant in error.

NEILL, Associate Justice.—This suit was brought by defendants in error against plaintiff in error to rescind contract of the sale of an automatic electric piano, so called, made by the latter to the former and to recover the sum of $220 paid and to cancel certain promissory notes made for the purchase money of the instrument. Hereinafter the defendants in error will be called plaintiffs and the plaintiff in error defendant

The grounds for rescission of the contract are thus alleged by plaintiffs: "Before the purchase by plaintiffs from defendant, defendant, through its agents, represented and warranted to plaintiffs that said piano, properly used and handled, would give them no trouble and would require no repairs for the period of five years from the date of sale, and guaranteed the soundness of the piano for the period of five years; that plaintiffs, believing such representations to be true and correct, relied upon the same, and the same constituted the consideration for the purchase by plaintiffs from the defendant of said piano; that said representations were untrue and incorrect in that, although carefully used and handled, said piano began to get out of order and failed to operate, though properly connected with a sufficient electric current, immediately after the purchase and sale, and has continued from time to time ever since said purchase to fail to operate; and that the exact nature of the defects in said piano are unknown to plaintiffs. Wherefore, . . . the consideration for the purchase of said piano has wholly failed and that plaintiffs are entitled to have the money paid refunded to them and the notes cancelled." They also alleged that they tendered the piano to defendant before filing suit. The defendant answered by a general demurrer and general denial. The trial of the case resulted in a verdict and judgment in favor of the plaintiffs for the money sued for and for a cancellation of the purchase money notes.

The first assignment of error, which complains of the court's overruling defendant's general demurrer to plaintiff's petition, is not well taken. Rule 17 of Dist. & County Court; Northwestern Nat. Ins. Co. v. Woodward, 18 Texas Civ. App., 496; Whaley v. Thomason, 41 Texas Civ. App., 405; International Harvester Co. v. Campbell, 43 Texas Civ. App., 421; Mutual Life Ins. Co. v. Hargus, 99 S. W., 581; Postal Telegraph Co. v. Levy, 102 S. W., 135.

After F. A. Chapa, one of the members of plaintiffs' firm, had testified that at the time he negotiated the purchase of the piano with defendant's agents, one of them represented to him that the piano was a good one and that defendant company, as well as themselves, would guarantee the instrument for five years, plaintiffs' counsel asked him this question: "Mr. Chapa, state whether or not you relied upon the representations made to you by these parties" (meaning defendant's agents who effected the sale) "in regard to this piano," which was objected to upon the ground that it was leading, and the objection being overruled the witness answered: "I most certainly did. I simply relied on Mr. Buford's" (defendant's agent) "statement that the piano was a good one and that he guaranteed it for five years." The second assignment of error is based upon the action of the court in overruling the objection to the question; and the proposition asserted under it is, "It is not permissible for counsel to ask his own witness on direct examination, and especially the plaintiff, leading questions." It being essential for a party, who seeks to rescind a contract of sale upon the ground of false representations, to prove that he relied upon such representations and was induced thereby to enter into the contract, and as proof on the issue can only be directly made by having him testify whether he relied upon such representa-

tions or not, we are unable to perceive how it would have been practicable to have elicited the witness's testimony upon such issue by framing a question differently from the one objected to. Such question did not suggest to the witness that an affirmative, rather than a negative, answer was desired, though the witness may have known, as any intelligent witness would, that a favorable disposition of his case largely depended upon which kind of answer he gave to the question. If a knowledge of the effect of the answer of a witness, who is a party to an action, to a question, would render a question objectionable, scarcely any question as to any important fact could be asked him at all. It is only essential that the question be so framed as not to lead to an answer favorable, rather than unfavorable, to such a witness. The question complained of is not obnoxious to this principle; and not within the spirit and meaning of the term "leading."

The plaintiff's counsel asked the witness Carr this question: "I will ask you whether or not it is customary for agents in selling pianos to warrant them; and, if so, for how long?" It was objected to upon the grounds that plaintiffs had not alleged the existence of such a custom; and that they declared · upon an express warranty, and not one implied by custom. The objections were overruled and the witness answered: "It is customary to warrant ordinary pianos for five years." This ruling of the court is challenged by the third assignment of error. Undoubtedly, the objections should have been sustained and such testimony excluded. (Norwood v. Almo Fire Ins. Co., 13 Texas Civ. App., 475; DeWitt v. Berry, 134 U. S., 306, 33 L. ed., 896.) The issue as to whether there was such a warranty or guaranty as alleged, was sharply drawn by the testimony, and plaintiff should not have been permitted to fortify his side of it by proving a custom which, even if custom could be taken as entering into and adding another feature to an express contract, defendant may not have known anything of. Nor could such a custom be shown as evidence of making the representations by defendant's agents as to the quality of the instrument. It can not be said that the testimony did not influence the jury in the verdict; for it seems to us highly prejudicial.

In its charge the court instructed the jury, in substance, that if defendant through its agents represented and warranted the piano, if properly used and handled, would require no repairs for five years, and guaranteed its capacity and efficiency for that length of time, and that if it failed to operate as claimed by plaintiffs, and that such representations and warranties, if made by defendant, were untrue; and that defendant's agents were authorized by defendant to make the warranties alleged, then to find for plaintiffs for the sum of $220 and for the cancellation of the notes described in their petition.

The propositions, under the assignment which complains of this part of the charge, are as follows:

"First. If plaintiffs were entitled to damages the proper measure of damages is the difference between the value of that which plaintiffs Garza & Co. parted with, that is, the $220 and the fourteen notes described in plaintiffs' petition, and the value of that which they

received, that is, the automatic electric piano, under the agreement and trade."

"Second. In the absence of fraud or of an express contract to take back an article sold with a guarantee, the vendee can not return the article and recover back all of the purchase money."

"Third. In order to find for the plaintiffs, the jury should have been instructed that they must find that the said representations were fraudulently made, that they were untrue, and that plaintiffs believed them and relied thereon and were induced thereby to make the purchase and that such falsity contributed to plaintiffs' damages."

"Fourth. The jury should have been instructed that in order to find for plaintiffs, they must find that the piano was properly used and handled."

In regard to the first of the propositions, it will be noted that this is not an action for damages, but a straight-out suit for a rescission of a contract of sale and, as incident to its rescission, to recover the purchase money paid and to cancel the notes given for the instrument, upon the grounds that the representations made by defendant's agents as to the quality and efficiency of the piano were untrue and that the piano was not such as warranted. Only a general denial was pleaded, nothing being alleged to show that it was used by plaintiffs, or, if used by them, its use was of any value. If, under the pleadings, defendant was entitled under the evidence to an abatement of any part of the purchase money paid, it should have requested a special charge submitting such issue to the jury; and in the absence of such request, it can not now be heard on that ground to complain of the court's charge.

The second proposition, while correct as an abstract principle of law, can not be sustained. For, although it is not directly alleged that the representations of defendant's agents were fraudulent, the matters averred, if true, constitute, at least, what is deemed by the law a constructive fraud. Therefore an allegation that the representations were fraudulently made, it being merely a conclusion deducible from the facts averred, was unnecessary. (Ross Armstrong Co. v. Shaw, 113 S. W., 558.)

Though the representations may have been false and fraudulent, yet if they were not believed to be true, nor acted upon by the plaintiffs as an inducement in making the purchase, they were not entitled to a rescission of the contract. The charge complained of would authorize the relief prayed for, regardless of whether the plaintiffs were induced by the alleged fraudulent representations to purchase the piano or not. In this we think that the charge is obnoxious to the third proposition under the assignment. The portion of the charge referred to is also obnoxious to the fourth proposition. The representations and guaranty as to the quality of the instrument were, according to plaintiffs' own allegations, conditioned upon its being properly used and handled. The charge authorized a verdict regardless of whether plaintiffs properly used and handled the piano or not.

While it comes mighty close to it, we don't think the case made by the pleadings and evidence was such as required the court to peremptorily instruct a verdict for defendant, as was requested by its counsel.

Nor do we think the court erred in refusing defendant's request to instruct the jury to find for it, unless the piano was utterly worthless and a total loss to plaintiffs. Upon their tendering the piano to defendant they were entitled to a rescission if they proved that the alleged representations were made; that they were false and fraudulent; that they relied upon and were induced by such representations to make the purchase, regardless of whether the instrument was entirely worthless or not; provided, however, defendant authorized its agents to make them, or it was within the apparent scope of their authority.

If this suit were for damages upon a breach of warranty, defendant's seventh assignment of error, under which it is contended that the court erred in submitting the case to the jury because it conclusively appears from the evidence that if a warranty or guaranty was agreed upon and furnished it was the warranty of Buford Bros., and not of defendant, would be well taken. For the plaintiffs' own testimony shows that they would not accept any warranty or guaranty from the defendant, but wanted and took only the personal warranty or guaranty of Buford Bros. The suit, however, is not for damages upon a warranty or guaranty, but for a rescission of the contract. It may, in view of another trial, be proper to say here that the failure of a warranty or guaranty made by the Buford Bros. personally, and not in their capacity as agents of defendant, would afford plaintiffs no ground for rescinding the contract. In that event they would have to rely solely upon alleged false representations made by defendant's agents under its authority or within apparent scope of its agents' authority.

We believe that every question presented for our decision has been disposed of by what we have said. On account of the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*