## TEXAS-KALAMAZOO SILO CO. v. ALLEY.
### (No. 862.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1915.)

1. JUDGMENT ⬤⟞251—PLEADINGS — BREACH OF WARRANTY—REMEDIES OF BUYER.

In an action for breach of a warranty in a contract of sale which contained no provision for the return of the goods, the court could not where fraud was neither alleged nor proved, enter a judgment rescinding the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ⬤⟞251.]

2. SALES ⬤⟞434—BREACH OF WARRANTY—ACTIONS—PETITION.

In an action for breach of a warranty on a contract of sale of materials, a special exception should have been sustained to a paragraph of the petition alleging that at the time of such contract defendant entered into a similar contract through the same agent, for the purchase of two silos, by plaintiff's brother-in-law, it not being alleged that such sales and the sale to plaintiff were included in the same contract or covered by the same warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1234-1238; Dec. Dig. ⬤⟞434.]

3. TRIAL ⬤⟞350—BREACH OF CONTRACT—SPECIAL ISSUES—ISSUES TO BE SUBMITTED.

In an action for breach of a warranty on sale of the materials for a silo, where there was evidence that the use of the silo while it was used by plaintiff had a value, and that some of the materials were still in a sound condition, defendant was entitled to have issues submitted as to whether the use of the silo had any value and, if so, what such value was, and whether the materials in the silo were of any value to plaintiff or any one as material, provided the evidence, showed the value of such use and of the sound material.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828-833; Dec. Dig. ⬤⟞350.]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Nick Alley against the Texas-Kalamazoo Silo Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Randolph & Randolph, of Plainview, and Flournoy, Smith & Storer, of Ft. Worth, for appellant. Y. W. Holmes, of Plainview, for appellee.

HALL, J. Appellant company sold appellee certain tiling, doors, steel hoops, steel door frames, gaskets, latches, etc., to be used by plaintiff in the construction of a silo on his farm in Hale county. By the terms of the written contract of sale plaintiff was to do all of the work in constructing the silo and furnish all of the balance of the material for its construction at his own expense. The contract price of the material furnished was $811.05, which amount plaintiff agreed to pay in three installments, one-third cash, paid upon delivery of the material, and the balance in two equal installments, to be evidenced by notes executed upon the arrival of the material. The cash payment was made, and the notes executed, in accordance with the contract. Plaintiff finished the silo in September, 1914, and soon after it was filled it began to crack, and he filed this suit to restrain appellant company from disposing of the notes, prayed for damages in the sum of $1,253.15, and for a rescission of the contract of sale and cancellation of the notes. The amount claimed as damages included the $811.05, which plaintiff had agreed to pay for the materials and $422.10 for labor and extra material in its construction. In his amended petition, appellee tendered the silo to appellant company as soon as it should become empty. It was shown at the trial that it contained from 12½ to 15 feet of ensilage. The contract of sale does not provide that the materials furnished by appellant should ever be returned to it, and appellee's pleadings contain no allegation of fraud. The contract of sale contained the following warranty:

"This is to certify that the Kalamazoo Silo Company of Ft. Worth, Texas, hereby guarantees their hollow clay tile silo to not crack or bulge and to withstand all winds that do not destroy adjacent buildings, if erected on a suitable foundation, as instructed by this company. This guaranty is operative for five years from date of erection of silo."

It is admitted that the foundation was suitable, and that it was properly constructed by appellee. A trial before a jury resulted in a verdict against appellant, in the sum of $1,-253.15 damages, the judgment perpetuating the injunction, restraining appellant from disposing of the notes, and further provided that upon the surrender of the notes the judgment against appellant should be satisfied pro tanto.

[1] The controlling question in this case is presented by the sixth assignment of error. As heretofore stated, there are no pleadings setting up fraud on the part of the appellant in the sale of the silo, and no provision in the contract for its return in case of a breach of the warranty. Appellant urges under this assignment the proposition that the court was not authorized to enter judgment rescinding the contract, when it contained no provision for the return of the goods, and fraud was neither alleged nor proven. This assignment must be sustained. Jesse French Piano Co. v. Thomas, 36 Tex. Civ. App. 78, 80 S. W. 1063; Jesse French Piano Co. v. Garza, 53 Tex. Civ. App. 346, 116 S. W. 150; Wright v. Davenport, 44 Tex. 164; Stark v. Alford, 49 Tex. 261; Fetzer v. Haralson, 147 S. W. 290; Texas Machinery & S. Co. v. Ayers Ice Cream Co., 150 S. W. 750; Simpkins, Contracts and Sales (3d Ed.) 971. According to these authorities, the suit was instituted and tried upon a mistaken theory, and the judgment is clearly erroneous, since it grants relief to which appellee was not entitled under the nature of the case presented in his pleadings and the evidence.

[2] The first assignment is based upon the action of the court in overruling appellant's special exception. This exception is to the fifth paragraph of the petition, which is:

"That at the same time the defendant entered into a similar contract through the same agent, for the purchase of two silos, by Charles E. Saigling, a brother-in-law of this plaintiff."

Appellee insists that it is not improper to allege the sale of a silo to another person, where both sales are included in the same written contract, and covered by the same warranty. We agree with appellee, but no such allegation was made or excepted to, and this assignment is sustained.

[3] Under the second assignment appellant insists that the court erred in refusing to submit its first and second special issues, as follows:

"First. Did the use of the silo, by defendant to plaintiff, and shown by the testimony to have been used by the plaintiff, from the latter part of August, 1914, to this time, and yet in use by the plaintiff, have any value? If so, what was the value?

"Second. Are the blocks and other materials in said silo of any value, not only to plaintiff, but to any one as material?"

The uncontradicted evidence of Alley and Saigling was that the use of the silo from September up to March would have a value. It is further shown by appellee's testimony that the silo was cracked from the foundation up to a height of 15 feet in several places; that the structure was 45 feet high, and that the blocks above the cracks were in a sound condition. We think appellant was entitled to have these issues submitted, provided the evidence showed the value of the use of the silo during the time and the value of the sound material. This also disposes of the third and fourth assignments.

The error complained of under the fifth assignment cannot arise upon another trial, and it will be disregarded.

The judgment is reversed, and the cause remanded.