## W. D. SESSUMS MOTOR CO. v. WHITE.
### (No. 2478.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 13, 1922. Rehearing Denied March 9, 1922.)

1. Sales ⬉120—In absence of actual fraud or agreement to return, buyer cannot rescind for breach of warranty.

Where warranty is breached, there is no actual fraud, and no agreement to return the goods, the buyer cannot rescind the contract, but has only an action on the warranty.

#### On Motion for Rehearing.

2. Sales ⬉441(1)—Evidence held to show that buyer relied on warranty on purchase of automobile.

In an action for breach of warranty of an automobile, plaintiff's testimony *held* to show that he relied, not on defendant's knowledge of the car, and the truth of his statements concerning it, but on his warranty or guaranty that it was as represented.

3. Sales ⬉38(2)—Buyer's right to relief for fraud not affected by seller's good faith.

A buyer's right to relief for fraud, if he was induced to buy by his reliance on the truth of the seller's representations, is not affected by the fact that such representations were made in good faith.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by Jo. J. White against the W. D. Sessums Motor Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Appellants, W. D. Sessums and B. W. Crane, both of whom resided in Longview, Gregg county, as partners under the name "W. D. Sessums Motor Company," engaged in the business of selling automobiles at Tyler, Smith county. H. D. Boone, as their agent, had charge of their business at Tyler, but about once a week one of the appellants would go to that place and go over the business transacted there. About March 15, 1920, Boone, acting as such agent, sold a car to appellee for $1,065, $637.60 of which was paid at that time, and $427.40 of which was to be paid June 18, 1920, as provided in a promissory note in appellant's favor which appellee at the time executed and delivered to Boone. Alleging that he was induced to buy the car by representations made to him by appellants that it was "a first-class, substantial, automobile in every respect, that it was a high-grade car, that all parts were first-class material, well made and put together in the best of workmanlike manner, and that said car was one of the best cars on the market, and was in every way a first-class, high-grade, substantial, automobile," and further alleging that the representations

were false and were fraudulently made, appellee sought by this suit to cancel the note he gave, and recover of appellants the money he paid on the car.

Testifying as a witness at the trial, which was to the court without a jury, appellee said, "The car was an excellent one; that is, it run excellently up to a thousand miles;" that he learned two or three weeks after he purchased the car, when he had driven it about a thousand miles, that it "did not come up to the guaranties and representations" made by Boone, but that he did not "entirely lose confidence" in it until several weeks later; that he drove the car altogether about 4,000 miles, 2,000 of which were driven in an effort "to make it run"; that he "knew all the time that the car was never able to run"; that he "tried to trade it on two different cars," and used it from early in April, when he found it to be defective in respects covered by the warranties, until June 20, when he tendered it to appellants. The reason he gave for using the car for more than two months after he found it to be defective before he sought to rescind the contract was that he relied on Boone's promise to make it satisfactory.

The trial court found as facts: (1) That in purchasing the car as he did appellee relied on representations made to him by Boone, and on a promise Boone made "to keep the car in repair for a period of six months from the date of the sale." (2) That the representations were substantially as charged in appellee's petition, and "were in substance and effect" those made by the manufacturers of the car in printed matter they furnished dealers for use in selling the cars, and were made by Boone in good faith, and not to deceive appellee, but that "important parts of the car were concealed, and could not be seen, and the class of material and kind of workmanship determined by looking at the car." (3) That in less than 30 days after appellee purchased it "the car developed defects in the material and character of work in its make-up," and that appellant repeatedly "undertook to remedy the defects but failed to do so." (4) That appellee quit using the car the latter part of June, and stored it in a garage until some time in August, when it was turned over to appellants, who "again had it worked over, and claimed it to be then in first-class condition, and tendered it" to appellee, who declined to receive it, "claiming that it was not as represented and that the contract of sale was breached." (5) That during the time appellants were "trying to make the car good by work and repairs" appellee "told them he would not keep it unless they made the car come up to representations." (6) That the car "was not as represented, ei-

ther as to class or material or workmanship," and that appellant had failed to remedy the defects in it "up to the time it took possession of the car in August."

On facts as specified, and others made by him, the trial court rendered judgment in appellee's favor for the $637.60 he paid when he purchased the car, and canceling the note he made for $427.40.

Brooks & Johnson, of Tyler, and Young & Stinchcomb, of Longview, for appellant.

Simpson, Lasseter & Simpson, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] So far as the representations were actionable, they were express warranties, and as such became a part of the contract between the parties; and we think the suit should have been predicated on them as warranties, and not as misrepresentations of fact constituting fraud. But if it had been appellee would not have been entitled to a rescission on the case made by the testimony, for there was no provision in the contract authorizing appellee to rescind it if the car was found to be defective in respects covered by the warranties. The representations having been made in good faith, and not fraudulently, and the parties having failed in their contract to provide for a rescission thereof if the warranties were breached, the case in its facts was within the rule adopted by the Supreme Court in Wright v. Davenport, 44 Tex. 164. In that case the buyer of an engine sought a rescission of the contract on the ground that the seller had guaranteed the engine to saw 4,-000 feet of lumber a day, whereas it was not capable of sawing more than 2,000 feet a day, and for that reason was wholly useless to the purchaser. In reversing a judgment rescinding the contract as prayed for by the buyer, the Supreme Court approved, as correctly announcing the rule it adopted, the statement in Sedgwick on Damages, 286, that:

"Where there is no fraud and no agreement to return the vendee cannot, at his own option, rescind the contract, but has only an action on the warranty"

—the statement in Stovey on Contracts, § 850, that:

"If the warranty goes to the degree of fitness or to quality, and it proves to be of an inferior quality or fitness, the goods cannot be returned, and the remedy is by action for damages, the measure of which is the difference between the value of the article as it is and as it was represented to be. Thus, if a machine is sold for a particular purpose, and it will perform none of the functions, it may be returned; but if it only perform them badly the remedy is by action for damages"

—and the statement in 2 Smith's Leading Cases, 276, that:

A "mere breach of warranty, unattended by fraud, does not entitle the vendee to rescind the contract or return the goods."

And see Organ Co. v. Thomas, 36 Tex. Civ. App. 78, 80 S. W. 1063; Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290; Silo Co. v. Alley (Tex. Civ. App.) 180 S. W. 621; 1 Black on Rescission and Cancellation, §§ 23, 185, 212; 5 Elliott on Contracts, § 5110.

Other questions presented by assignments are not likely to arise on another trial, and need not be determined.

The judgment is reversed, and the cause is remanded for a new trial.

### On Motion for Rehearing.

[2] The theory on which this court held that the case was within the rule applied in Wright v. Davenport, 44 Tex. 164, was not sufficiently stated in the opinion disposing of the appeal. It should have been stated that the conclusion of the court was based on testimony of appellee as a witness in his own behalf which showed, the court thought, that appellant's liability (if any) was not for fraud practiced on him, but for breach of a contract of warranty. The court was of the opinion, and is still, that it conclusively appeared from said testimony that appellee did not rely upon the representations as statements by Boone of facts within his knowledge, but relied upon them as warranties that the automobile was as represented. The testimony of appellee referred to was as follows:

"Every day Mr. Boone would stop in and see me, and he would tell me that this car was built out of absolutely the best material in the world, and that it had the best workmanship that could be done on a car, and he went over their prospectus with me and showed me the stunts it would do in pulling sand and pulling mud, and he represented the car to be first-class in every particular, so I finally traded with him on those representations, provided he would give me his personal guaranty: that the factory guaranty only guaranteed to replace the parts; and Boone gave me his personal additional guaranty that I should be out no expense on the car for six months, and I traded with him on that basis. * * * I did not buy the car on the factory warranty. I bought it on the W. D. Sessums Motor Company's warranty. Yes; I knew that the factory made this warranty, and that is just the reason I demanded from Mr. Boone an additional warranty. * * * I reckon the warranty set out in the petition is the warranty that went with this car. I will say that I knew it, but Boone told me that the factory would guarantee all the parts of the car, and I said, 'Well, that don't get you anything. I want a warranty from you that the car will be replaced, and be a first-class automobile.' * * * He guaranteed it for six months. * * * That is the main thing I bought the car on, that he would make the car go for six months. * * * I bought the car upon his personal guaranty to me that he would guar-

antee it for six months. * * * I do not say that he guaranteed to keep the car good for six months. I said he guaranteed to give me a first-class automobile; he guaranteed the car to be first-class in every respect, and that he would make that good for six months. * * * Boone guaranteed it to be first-class in every respect, first-class workmanship, first-class material, and all, and that is the representation I bought the car on."

The testimony set out plainly, and, as before stated, we think conclusively, shows that it was not reliance on Boone's knowledge of the car and the truth of the statements he made about it that induced appellee to buy it, but it was Boone's warranty or guaranty that the car was as represented. In other words, appellee was in the attitude of saying to Boone:

"You may have knowedge of the car sufficient to justify you in making the statements you have made to me, and those statements may be true, but I don't know that you have such knowledge nor that your statements are true, and am not willing to rely on them; therefore, before I will buy the car you must agree that, if it is not as you have represented it to be you will reimburse me for any loss I sustain because it is not."

So construing the testimony, and giving effect to the finding of the trial court that the representations by Boone were made in good faith, there was no fraud in the transaction, and the case on its facts is clearly within the rule adopted in Wright v. Davenport; for there is no doubt when Mr. Sedgwick said that "where there is no fraud and no agreement to return the vendee cannot, at his own option, rescind the contract, but has only an action on the warranty," he meant actual fraud. And we think there is as little reason to believe the Supreme Court meant anything else when they approved Mr. Sedgwick's statement as correctly interpreting the law.

[3] If, in addition to the fact that the representations made by Boone were false, as determined by the trial court, it appeared that appellee was induced by his reliance on the truth of same to buy the automobile, we think his right to relief on the ground of fraud would not be affected by the fact that Boone made the representations in good faith. It is the fact, as appears from his testimony, that he did not rely on the truth of the representations that causes us to think he has no right to relief on that ground, but must look for relief to the warranty he exacted, which he did rely upon. Trans. Line v. Trans. Co., 129 Mich. 209, 88 N. W. 473, 56 L. R. A. 939, 24 R. C. L. 339. In the case cited the vendor, in negotiating the sale of a steamer, stated it would make 15 miles an hour, and the contract of sale warranted the boat to have such speed. It turned out the boat could not run so fast. The court held that the vendee, having insisted upon and relied on the warranty, was not entitled to relief because the representation was false, it not appearing it was fraudulently made. The court said:

"Whatever may have been the rights of the parties before the contract was entered into, we think it is clear that, having insisted upon and relied upon the warranty being embodied in the contract, the complainant's reliance must be upon the written warranty."

If, however, we thought the testimony warranted a finding that appellee was induced to buy the car by reliance he placed on the truth of Boone's representations, we would not think the appeal could properly be disposed of otherwise than it was; for we think it appeared from testimony referred to in the opinion that, if appellee ever had a right to rescind the contract for fraud practiced on him, he waived it. Car Co. v. Brashear (Tex. Civ. App.) 158 S. W. 233.

The fact that the testimony showed and the trial court found that appellant had possession of the car after August —, 1920, and at the time of the trial, was not, as appellee suggests it was, overlooked in determining that it appeared that he was not entitled to the rescission of the contract granted by the trial court. The testimony did not show and the trial court did not find that appellant's possession was based on either a claim on its part of a right to rescind it or on agreement between it and appellee to rescind the contract. The finding of the trial court was that the car was "turned over" (presumably by appellee) to appellant August —, 1920, but for what purpose he did not say, except so far as it may be inferred from his finding that appellant "again had it worked over" and tendered it to appellee. And it appeared from the testimony that appellant was entitled to the possession of the car by the terms of a mortgage given by appellee to secure the payment of his note due June 15, 1920, as stated in the opinion reversing the judgment.

The motion is overruled.