## J. B. COLT CO. v. REEVES.   (No. 2968.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 27, 1924. Rehearing Denied Dec. 4, 1924.)

1. Sales ⟨key⟩447—Finding concerning deficiency of lighting plant held not equivalent to finding that breach of warranty was accompanied by fraud.

In action on note for price of lighting plant, finding that plant was so defective that it was not one which defendant contracted for was equivalent to finding that warranty of good material and workmanship had been violated, but was not equivalent to finding that breach was accompanied by fraud.

2. Sales ⟨key⟩120—Breach of warranty unattended by fraud does not entitle buyer to rescind, unless contract so provides.

Breach of warranty, unattended by fraud, does not entitle buyer to rescind contract and return goods unless contract so provides.

3. Sales ⟨key⟩425—Remedy of buyer for breach of warranty held to be recovery of damages.

Where contract for sale of goods did not provide for rescission and return of goods for breach of warranty, buyer's remedy was by recovery of damages suffered because of breach of warranty.

4. Sales ⟨key⟩360(1) — On failure of buyer to seek damages because of breach of warranty, held, that judgment should have been for amount of buyer's note for price.

In action on note given for goods, where contract of sale did not provide for rescission and return thereof for breach of warranty and buyer did not seek damages suffered therefrom, judgment should have been in favor of seller for amount of note, notwithstanding breach of warranty.

Appeal from Lamar County Court; W. Dewey Lawrence, Judge.

Action by the J. B. Colt Company against James W. Reeves. From a judgment for defendant, plaintiff appeals. Reversed and rendered, without prejudice.

September 8, 1919, appellant and appellee entered into a contract in writing whereby appellant, by its agent, one Hood, in consideration of $269.75 appellee was to pay it, sold appellee a generator and appliances specified, constituting a lighting plant, for installation in appellee's dwelling house. The contract contained a stipulation whereby appellant warranted the apparatus "to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship." It was recited in the instrument evidencing the contract that "no agent or representative of the (appellant) company has made any statement or verbal agreements modifying or adding to the terms of conditions herein set forth," and stipulated therein that the terms of the contract as written should not be "altered or modified by any agent of the company." It was provided in the instrument that on a contingency specified appellee should make and deliver his promissory note for said sum of $269.75 to appellant; and appellee afterward, to wit, on October 21, 1919, executed and delivered such a note to appellant. The note was payable October 21, 1920. Appellee having failed to pay the note when it became due, appellant commenced and prosecuted this suit. In his answer appellee alleged that the consideration for his undertaking had failed, in that the lighting plant when installed "was found to be defective in workmanship and material." He alleged, further, that the plant was "not such as he contracted for and was wholly worthless." The answer contained other allegations, charging misrepresentations on the part of the agent who acted for appellant in the sale of the plant, which we do not think it necessary to state. The trial court thought the testimony made only the issue he submitted to the jury, which was as follows:

"Was or was not the lighting plant in controversy in this case so defective in workmanship or material that it was not the plant defendant contracted for?"

The jury having answered the question in the negative, the court rendered judgment that appellant take nothing by its suit.

Allen & Baughan, of Paris, for appellant.
Patrick & Eubank, of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It affirmatively appears in the record that the judgment was based en-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tirely on the finding of the jury that the lighting plant was "so defective in workmanship or material that it was not the plant which defendant contracted for." That meant no more than that the warranty in the contract (set out in the statement above) covering the sale and purchase of the plant had been violated. There was no finding, and no basis for one in the testimony, that the warranty, or breach thereof, was "accompanied with fraud." Wright v. Davenport, 44 Tex. 164. It further affirmatively appeared that the plant was not entirely worthless for the purpose for which appellee purchased it. On the contrary, the testimony was undisputed that it was merely defective, the effect of the defects being only to occasion inconvenience in lighting and greater expense in the operation of the plant than otherwise would have been incurred. The testimony indicated further that the defects existing could have been repaired and that appellant offered to repair same without cost to appellee.

[2-4] It has been settled law in this state since the decision of the Supreme Court in the case cited above "that a mere breach of warranty, unattended by fraud, does not entitle the vendee to rescind the contract or return the goods," unless the contract so provides. French Piano & Organ Co. v. Thomas, 36 Tex. Civ. App. 78, 80 S. W. 1063; Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290; Ulrich v. Piano Co. (Tex. Civ. App.) 199 S. W. 310; Liquid Carbonic Co. v. Migurski (Tex. Civ. App.) 229 S. W. 661; E. F. Elmberg Co. v. Dunlap Hardware Co. (Tex. Civ. App.) 234 S. W. 700; Sessums Motor Co. v. White (Tex. Civ. App.) 239 S. W. 329; Silo Co. v. Alley (Tex. Civ. App.) 180 S. W. 621. In this case the contract did not so provide, and appellee's remedy, therefore, was a recovery of damages he suffered because of a breach of the warranty. (Authorities cited above.) As he did not seek that kind of relief in this suit, the court should have rendered judgment in appellant's favor for the amount of the note sued upon.

Therefore the judgment will be reversed, and judgment as indicated will be rendered here; but such rendition will be without prejudice of the right in appellee to recover damages for the breach of the warranty by appellant if he should seek a recovery thereof.