## J. B. COLT CO. v. KELLY. (No. 2396.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 25, 1925. Rehearing Denied April 1, 1925.)

Evidence ⬤⟶441(9)—Judgment for defendant in action for price of light plant on ground of breach of warranties not contained in written contract held erroneous.

Where plaintiff, suing for purchase price of carbide light plant, by supplemental petition alleged purchase by defendant under written contract containing certain warranties, and answer did not allege that by fraud, accident, or mistake written contract contained or omitted any warranty not agreed to, or that when contract was executed defendant did not know its provisions, or that he was fraudulently induced to execute it, *held*, judgment for defendant on ground of breach of warranties other than those contained in written contract was erroneous.

Appeal from Wheeler County Court; L. D. Miller, Judge.

Action by the J. B. Colt Company against T. J. Kelly. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

H. B. Hill, of Shamrock, for appellant.

Reynolds & Scott and Norman Coffee, all of Wheeler, for appellee.

JACKSON, J. This suit was instituted in the county court of Wheeler county by J. B. Colt Company, appellant, against T. J. Kelly, appellee, on a promissory note dated May 15, 1920, for the sum of $295.30, due on May 15, 1921, with interest thereon at the rate of 6 per cent. per annum from maturity.

The appellee answered, admitting the execution of the note, but alleged that the consideration therefor was the sale to him by appellant of a certain carbide light plant, which was warranted "to perform well, give strong lights and operate at low cost"; that the plant was tested about July 5, 1920, "but did not perform work well, and after said date, failed to give light and was utterly worthless, and of no value to appellee."

Appellant, by supplemental petition, plead-

ed a written contract of purchase between it and appellee for the light plant, which written contract provided that appellant "warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters"; that "this order shall become a contract between the purchaser and the company upon acceptance thereof, * * * by one of the officers of said company; it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding to the terms and conditions herein set forth, * * * nor may it be altered or modified by any agent of the company, or in any manner except by agreement in writing between the purchaser and the company, acting by one of its officers."

Appellant, by a great number of assignments, challenges the correctness of the ruling of the court in the trial of the case, and in rendering judgment in favor of appellee on the findings of the jury. In the view we take, it is necessary to consider only the assignment which urges as error the failure of the court below to give a peremptory instruction in favor of appellant.

There is no allegation in appellee's answer that by fraud, accident, or mistake, the written contract contained or omitted any understanding, promise, representation, or warranty not agreed to by the parties, nor that at the time the contract was executed by appellee he did not know the provisions contained in the written contract, nor that by any fraud or false representations was he induced to sign it. In Avery Co. of Texas v. Harrison & Co., 267 S. W. 254, Presiding Judge German, of the Commission of Appeals, says:

"There are no allegations whatever on the part of plaintiffs, nor proof, to the effect that by reason of fraud, accident or mistake the written contract contained anything not agreed to by the parties, or that any promise, representation or warranty was omitted therefrom. Nor is there any allegation or proof that by any fraudulent representation, artifice, or conduct the parties were induced to sign the contract, or that at the time it was signed they did not know or were prevented from knowing what it contained. Under these circumstances it is plain that defendant was not bound by any promise or representation made by Nordyke and Hamm, not contained in the written contract. J. I. Case Threshing Mach. Co. v. Manes (Tex. Com. App.) 254 S. W. 929; Bybee v. Embree-McLean Carriage Co. (Tex. Civ. App.) 135 S. W. 205.

"In the absence of allegations of fraud, accident or mistake of the nature above indicated, it will be conclusively presumed that the writ-ten contract contained the whole agreement of the parties, and parol evidence of representations, statements or warranties not disclosed by the contract was inadmissible. White et al. v. Hager (Tex. Com. App.) 248 S. W. 319; Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; First Nat. Bank of Garner v. Smith (Tex. Civ. App.) 183 S. W. 862."

Appellee makes no contention in the pleading or in the testimony that the breach, if any, of the warranty made, was accompanied by any fraud or false representations. J. B. Colt Co. v. Reeves (Tex. Civ. App.) 266 S. W. 564. And as revealed by this record, the trial court committed error in refusing to give appellant's peremptory instruction and to render judgment for it, for which reason the judgment of the court below is reversed, and here rendered for appellant.