## JAMESON v. CONSOLIDATED OIL CO.
### (No. 94.)

(Court of Civil Appeals of Texas. Eastland. Jan. 29, 1926.)

1. **Appeal and error** ⊂⟩843(2, 3)—**Exclusion of evidence and instructions given need not be discussed, where appellant presented no defense.**

Exclusion of evidence and instructions given need not be discussed, where appellant presented no defense to appellee's suit by pleading or testimony.

2. **Sales** ⊂⟩425—**Only defense to suit on account for paint used and collected for by buyer, who made no refund to parties paying therefor, is damages for breach of warranty of quality.**

Where buyer used and collected for nearly all of paint sold him and refunded nothing to parties who paid for that used, his only defense to seller's suit on account was damages for breach of warranty of quality.

3. **Sales** ⊂⟩445(1)—**Where buyer, sued on account, alleged that paint sold was worthless, suggested no offset for damages, admitted using nearly all of it, and offered no evidence of damage, except statement that, because of its inferior quality, he had to buy some other paint, court should have directed verdict for contract price.**

Where buyer sought to defeat seller's action on account by alleging that paint sold was worthless, suggested no offset for damages, admitted having used nearly all of it, and offered no evidence of damage, except his statement that, because of its inferior quality, he had to buy some other paint, court should have directed verdict for contract price.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Action by the Consolidated Oil Company against D. A. Jameson. Judgment for plaintiff, and defendant appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

PANNILL, C. J. The suit was by appellee to recover on a verified account for goods and merchandise sold by appellee to appellant. The defense was a breach of an implied warranty as to the quality of the merchandise; that it was inferior in quality and worthless. The verdict and judgment thereon was for appellee.

[1] The appeal is based on assignments to the court's action in the exclusion of evidence offered and instructions given. It is unnecessary to discuss these matters, as appellant by neither pleading nor testimony, presented any defense to appellee's suit.

[2] Appellant admitted receiving the paint and oil sold him by appellee, and using the same in painting certain buildings, and collecting for the paint so used, and had never refunded any amount to the parties, who paid for the paint used by appellant; that he used all but a small quantity in this manner, but did not state the amount he failed to use. The only testimony showing any damage accruing to appellant was his statement that he had to buy some other paint, because of the inferior quality of that sold by appellee; but the quantity bought is not stated.

[3] It is clear that, under the facts of this case, appellant's only defense was damages for breach of warranty. The authorities supporting this proposition are to be found in J. B. Colt v. Reeves (Tex. Civ. App.) 266 S. W. 564. Appellant's pleading sought to defeat the action entirely, alleging the paint sold him to be worthless, and did not suggest an offset for damages. As stated, his evidence showed the use of the paint and furnished no basis to ascertain any amount of damages.

The court should have directed a verdict for appellee for the amount of the contract price of the goods; therefore the assignments referred to become immaterial.

No complaint is made in the brief of the amount awarded appellee.

The judgment is affirmed.