## J. B. COLT CO. v. ELLIS. (No. 7070.)

Court of Civil Appeals of Texas. Austin.
March 3, 1927.

1. **Evidence** ⊙⇒400(3)—**In absence of allegations of accident, mistake, or fraud, held that defendant could not change written sales contract by parol.**

Where defendant, in action on promissory note given as payment for carbide plant, made no allegations of mistake, accident, or fraud, *held* that he could not vary the terms of the written sales contract by parol.

2. **Bills and notes** ⊙⇒140—**Where defendant gave renewal note with knowledge of defects in carbide plant for which original note was given, held that he waived defects as defense to action on note.**

Where defendant gave renewal note almost two years after giving original note in payment for a carbide plant, at which time he knew of all defects in such plant, *held* that he waived defense of defects or false representations by seller, and could not defeat or reduce recovery on renewal note.

3. **Sales** ⊙⇒181(12)—**Evidence held not to sustain finding that carbide lighting plant was worthless so as to constitute failure of consideration for notes given in payment therefor.**

Evidence *held* not to sustain finding that carbide lighting plant sold defendant was worthless, so as to constitute total failure of consideration for notes given in payment therefor.

4. **Sales** ⊙⇒176(3)—**Purchaser of carbide lighting plant held estopped to set up defects in action on notes given in payment of purchase price.**

Where purchaser of carbide lighting plant, subsequent to execution of renewal note given in payment for plant, in exchange of letters with seller, stated his inability to pay, and asked seller to accept a return of the plant, surrender purchaser's note, and let him pay some damages, and defects in plant not being mentioned, *held* that purchaser was estopped to set up defects in plant in action on notes.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Brown County Court; E. M. Davis, Judge.

. Suit by the J. B. Colt Company against J. H. Ellis. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Wilfred C. Roszel, of New York City, and Jenkins, Miller & Harris, of Brownwood, for appellant.

BAUGH, J. [1] We do not deem it necessary to set out in detail the facts, pleadings, and issues involved in this case. The identical contract involved here was passed upon in Colt Co. v. Reeves (Tex. Civ. App.) 266 S. W. 564, and Colt Co. v. Kelly (Tex. Civ. App.) 270 S. W. 942, in each of which cases substantially the same defenses were urged as in the instant case. In each of those cases, as here, the suit was by this appellant upon notes given in payment, under said contract, for a carbide light plant. The defense was breach of warranty, in that the plant did not meet the representations of the agent, and that it was wholly worthless. Here, as in the Reeves and Kelly Cases, no allegations of accident, mistake, or. fraud in executing either the contract or the notes are made. In the absence of such, appellee was not entitled to plead and prove facts over appellant's objections, varying by parol the terms of his written contract.

[2, 3] This case is practically on all fours with the Kelly Case, supra, with these additional facts and pleadings: In the instant case the light plant was purchased by appellee and delivered to him in December, 1920, in payment for which he executed his promissory note in writing. Not having paid same at maturity, he executed on August 29, 1922, a renewal note, due November 1, 1923. By supplemental pleadings appellant urged that by retaining and using said lighting plant for a period of nearly two years, with full knowledge of its defects, if such existed, and then executing a renewal note, appellee waived such defects, and is estopped to now set them up as a defense to the renewal note,

The general rule as stated in 8 C. J. 444, is as follows:

"One who gives a renewal note, with knowledge at the time of a partial failure of consideration for the original note, or of false representations by the payee, etc., waives such defense, and cannot set it up to defeat or to reduce a recovery on the renewal note."

Appellee pleaded a total failure of consideration, and the jury found that the plant was worthless. This finding, however, is not supported by the testimony. No one testified on this point except Ellis himself. He stated that the plant was repaired when he executed the renewal note in August, 1922, and that appellant's repair man "put in about a handful of carbide, say enough to run three or four days, and the plant seemed to work all right. It gave lights, except it still leaked." And on.cross-examination stated: "I never bought any more carbide after the utility man worked on the plant. * * * It burned too much carbide." From this it appears that at most the plant was only defective, and that appellee's objection to it was that it was too expensive to operate, and further use of it was abandoned largely for that reason.

[4] The record also shows several letters from appellee to appellant, written subsequent to the execution of the renewal note, in which he states his inability to pay, and asking that appellant accept a return of the plant, and surrender his note, and let him pay some damages. In none of them does he mention any defects in the plant. Under all the circumstances we think appellant's plea of estoppel was also good.

For the reasons stated, and following the holdings in the Kelly and Reeves Cases, supra, the judgment of the trial court must be reversed, and judgment here rendered for appellant.

Reversed and rendered.