**HYTEX MFG. CO. v. TRENCK.    (No. 1600.)**

Court of Civil Appeals of Texas. Beaumont. Nov. 29, 1927.

Rehearing Denied Dec. 7, 1927.

**1. Sales ⬤�ý365—Where jury found buyer was not damaged by breach of warranty found, court erred in not rendering judgment for seller for purchase price.**

In suit to recover balance of purchase price of paints sold in which defendant reconvened for damages for breach of warranty, where jury found in answer to special issues that there was breach of warranty by sellers as to quality of paints sold, and that buyer was not damaged thereby, court erred in not rendering judgment for sellers for amount sued for, notwithstanding finding that buyer did not waive seller's breach of warranty.

**2. Sales ⬤�ý113—Buyer cannot rescind, defeating liability for price, unless contract was induced by fraud or provided for rescission for breach of warranty.**

Buyer of article cannot rescind contract of purchase and defeat liability to seller for purchase price, in absence of pleading and proof that he was induced to enter into contract by fraud on part of seller, or unless contract provides that purchaser may rescind for mere breach of warranty.

**3. Sales ⬤�ý437(1)—Buyer pleading only breach of warranty in suit for purchase price could not have rescission, under contract not providing therefor.**

Buyer in suit for balance of purchase price of paints sold, pleading only breach of warranty as to quality of paints, which was not tantamount to plea of fraud on part of sellers inducing buyer to enter into contract, where contract contained no provision that buyer might rescind for breach of warranty as to quality of paints, could not have rescission and thus defeat liability for price.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Benjamin Lavin and another, a copartnership doing business as the Hytex Manufacturing Company, against Max F. Trenck, in which defendant filed a cross-action. From the judgment, plaintiffs appeal. Reversed and rendered in part, and in part affirmed.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellants.

O'Fiel & Reagan, of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed by appellants Benjamin Lavin and Harry Z. Rosenburg, a copartnership doing business under the trade-name of Hytex Manufacturing Company, against appellee, Max F. Trenck, to recover the balance of the agreed purchase price of certain paints sold and delivered by appellants to appellee, and for interest and attorney's fees, aggregating $2,112.95.

Appellee answered by general demurrer and general denial, and then specially pleaded a breach of warranty by appellants as to the quality of the paints, and then reconvened for damages alleged to have been sustained by him in consequence of the breach of warranty.

By supplemental petition, appellants interposed a plea of waiver against appellee's

attempt to rescind the contract because of the claimed breach of warranty.

The case was tried with a jury, and upon answers to special issues judgment was rendered and entered, denying appellants any recovery upon their cause of action; and also denying appellee recovery upon his cross-action. This appeal was prosecuted by Hytex Manufacturing Company alone, and no cross-assignments of error that we are authorized to consider were filed by appellee, Trenck. The jury's answers to special issues were, in substance, as follows:

(a) That there was a breach of warranty by appellants as to the quality of the paints sold and delivered to appellee; (b) that appellee did not waive the breach of warranty, as contended by appellants; (c) that appellee was not damaged by the breach of warranty.

[1] Upon this verdict, read in the light of the undisputed facts, the pleadings, and the law applicable, the trial court was in error in refusing to render judgment in favor of appellants for the amount sued for by them, notwithstanding the jury's finding that appellee did not waive appellant's breach of warranty as to the quality of the paints.

[2, 3] As we understand the law of this state, the purchaser of an article cannot rescind his contract of purchase and defeat liability to the seller for the purchase price, in the absence of pleading and proof that he was induced to enter into the contract by fraud on the part of the seller, or unless the contract provides that the purchaser may rescind for mere breach of warranty. Wright v. Davenport, 44 Tex. 164; Colt Company v. Reeves (Tex. Civ. App.) 266 S. W. 564; Colt Company v. Kelly (Tex. Civ. App.) 270 S. W. 942; 8 C. J. 444; Colt Company v. Ellis (Tex. Civ. App.) 293 S. W. 629.

In this case appellee did not plead that he was induced to enter into the contract for the purchase of the paints by any fraud on the part of appellants. At most, he pleaded only a breach of warranty as to the quality of the paints, but this was not tantamount to a plea of fraud on the part of appellants that induced appellee to enter into the contract. And since there was no provision in the contract to the effect that appellee might rescind for a mere breach of warranty as to the quality of the paints, he could not have rescission at all, which he was in effect permitted to have by the judgment in this case. Authorities, supra.

The only relief that appellee could have claimed for the alleged breach of warranty in this case was a recovery of such damages as he sustained in consequence of the breach of warranty. As we have shown, the jury found that appellee was not damaged in consequence of the breach of warranty and that

finding was not challenged by appellee by any assignment of error that we are authorized to consider.

It follows from these conclusions that the trial court's judgment denying to appellants recovery on their cause of action should be reversed, and that judgment should he here rendered in their favor against appellee for the amount sued for by appellants, and such has been our order.

The judgment, in so far as it denies to appellee recovery on his cross-action, will be affirmed.