**BARNETT et al. v. WILLIAMS et al.**
(No. 2586.)

(Court of Civil Appeals of Texas. Texarkana. June 5, 1922. Rehearing Denied June 8, 1922.)

**1. Appeal and error ⚖═930(3)—Where judgment recites findings, Court of Appeals will not assume, if they do not warrant judgment, that court made other findings.**

Where the judgment recites the findings on special issues on which the judgment is based, the Court of Appeals cannot assume, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, if such findings do not warrant the judg-

ment, that the trial court made other findings which, considered with those made by the jury, authorized the judgment.

**2. Sales ⚖═398—Special findings held not to warrant rescission of contract.**

Findings on special issues that tractor was not made of good material, and that it would not do good and serviceable work if not properly adjusted and operated by a competent person, *held* not to warrant judgment rescinding the sale, awarding buyers a recovery of the purchase money paid, and canceling notes for balance thereof, since such findings did not establish that the consideration wholly failed, but merely* established that the tractor was not what it was warranted to be.

**3. Sales ⚖═120—Breach of warranty unattended by fraud does not entitle buyer to rescind contract.**

Breach of warranty unattended by fraud does not entitle the buyer to rescind the contract or return the goods unless the contract provides that he may do so.

Appeal from District Court, Grayson County; Silas Haré, Judge.

Suit by W. W. Williams and another against Paul Barnett, and A. Baker and E. R. Ragsdale, partners doing business under the name of Baker & Ragsdale, and another, in which defendants Baker & Ragsdale filed a cross-petition. Judgment for plaintiffs against defendants Baker & Ragsdale, and such defendants appeal. Judgment reversed in so far as it is in plaintiff's favor against defendants Baker & Ragsdale, and cause remanded; otherwise not disturbed.

Appellants A. Baker and E. R. Ragsdale, partners in business under the name "Baker & Ragsdale," acting by their agent appellant Paul Barnett, sold to appellee W. W. Williams and T. N. Williams a tractor they purchased of the Texas Moline Plow Company, the manufacturers thereof. Appellees paid Baker & Ragsdale $500 of the purchase price at the time the tractor was delivered to them, and made and delivered to said Baker & Ragsdale their promissory notes for $250 and $750, respectively, which represented the remainder of the purchase price. This suit was by appellees against all the other parties mentioned. By it appellees sought to recover back the $500 they paid, to cancel the notes, and to recover as damages expenses they had incurred in efforts to operate the tractor. In the amended petition on which the case was tried appellees alleged as the ground of the relief they sought that at the time they purchased the tractor they informed appellants that they wanted it "for the purpose of breaking land to be put in cultivation or sown," and that appellants "warranted and represented" that the tractor was "in good condition and would perform said work in a thorough, good and satisfactory manner; that it had

the power to pull as many as four disc plows, ten inches deep, in Bermuda grass sod, or other hard ground to break, at the rate of six acres a day." Appellees then alleged that they relied on "said warranty," and further alleged that the tractor was not in good condition, "was entirely worthless, and wholly failed and refused to function, or, if not defective, did not have the power to pull as many as four or two disc plows in Bermuda grass sod, or any other hard ground, and therefore could not be used for the purpose of breaking land." Appellants Barnett and the plow company both filed answers; but as there was a verdict and judgment in their favor, which is not appealed from, it is unnecessary to state the contents of the answers. Baker & Ragsdale also filed an answer, in which, besides matters set up as a defense to the suit, they, in a cross-action, sought a recovery against appellees on the notes mentioned. In a supplemental petition in reply to Baker & Ragsdale's cross-action, appellees alleged that—

The consideration for the contract and notes "wholly failed, for the reason that in said contract the said defendants warranted that said tractor was of good material and that it would do good and serviceable work when properly adjusted and operated by a competent person; that said warranty has wholly failed, * * * in that at the time of the execution of said contract and notes and at all times since said time said tractor was of defective material; that it did not have and develop the power to do good and serviceable work of plowing, the purpose for which it was used, when properly adjusted and operated by a competent person."

On special issues submitted to them the jury found (1) that the tractor was not made of good material, and (2) that it would not do good and serviceable work if properly adjusted and operated by a competent person.

It appears from a recital in the judgment that the court found "upon the answers of the jury to the special issues that the consideration for said tractor in controversy wholly failed." It was on that ground, it seems, that the court denied Baker & Ragsdale relief and awarded appellees a recovery of the $500 they paid and canceled the notes they gave for the tractor.

Spence, Haven & Smithdeal, of Dallas, and Wolfe, Freeman & Wolfe and J. A. Carlisle, all of Sherman, for appellants.

Wood, Jones & Hassell, of Sherman, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] It affirmatively appears from the recital in the judgment set out in the statement above that the rescission awarded was based on the findings alone of the jury that the tractor was not made of good material and would not do good and serviceable work if properly adjusted and operated by a competent person. That being true, if those findings did not warrant the judgment, this court cannot assume, as, otherwise, it might, if the testimony warranted them (article 1985, Vernon's Statutes) that the trial court made other findings which, considered with those the jury made, authorized the judgment.

[2] The trial court, it seems from the recital referred to, thought the legal effect of the findings was to establish that the consideration for appellees' undertaking wholly failed, and on that theory awarded a rescission of the contract. But we think that was not the effect of the findings, and that they only established that the tractor was not what it was warranted to be. It did not follow, because it was not made of good material and would not do good and serviceable work, that it was wholly without value. We are of the opinion, therefore, that the judgment is fundamentally erroneous because not warranted by the findings.

[3] While the law is otherwise in some jurisdictions, it has been the rule in this state since the decision in Wright v. Davenport, 44 Tex. 164, that "mere breach of warranty, unattended by fraud, does not entitle the vendee to rescind the contract or return the goods" unless the contract provides that he may do so. Organ Co. v. Thomas, 36 Tex. Civ. App. 78, 80 S. W. 1063; Ulrich v. Piano Co. (Tex. Civ. App.) 199 S. W. 310; Carbonic Co. v. Migurski (Tex. Civ. App.) 229 S. W. 661; Potter v. Mobley (Tex. Civ. App.) 194 S. W. 205; Organ Co. v. Garza, 53 Tex. Civ. App. 346, 116 S. W. 150; Motor Co. v. White (Tex. Civ. App.) 239 S. W. 329. The instant case, as made by the findings on which the judgment is predicated, appears to us to be strictly within the rule.

On the testimony in the record the relief, if any, appellees are entitled to is not by rescission, we think, but by damages for breach of the warranties. If the new trial is on that theory, as we think it should be, the questions made by the assignments if they arise at all, will be determinable by rules applicable in that kind of a case. We have not thought it necessary, therefore, to consider the assignments.

So far as the judgment is in appellees' favor against Baker & Ragsdale, it is reversed, and the cause is remanded for a new trial as between them. The judgment is not disturbed in other respects.