## ALLIS-CHALMERS MFG. CO. v. FULLER.
### (No. 2748.)

(Court of Civil Appeals of Texas. Texarkana. May 18, 1923. Rehearing Denied June 7, 1923.)

Sales ⟬120—Defective parts or breach of warranties of machine sold held insufficient to authorize rescission.

That there were some defective parts in a tractor sold, or that it did not fully meet all the warranties made by the seller's agent, *held* insufficient, in the absence of fraud or intentional deception, to authorize rescission.

Appeal from Denton County Court; E. J. Key, Judge.

Suit by J. J. Fuller against the Allis-Chalmers Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Saner, Saner, Turner & Rodgers, of Dallas, for appellant.

Hopkins & Jackson, of Denton, for appellee.

HODGES, J. About April 3, 1920, the appellee purchased from the appellant a tractor and plow. The consideration was $965, one-half of which was paid in cash, and the remainder evidenced by a promissory note due the following November. Later the appellee became dissatisfied with his purchase on account of some alleged defects in the tractor, and in February, 1921, offered to rescind

the sale and tendered back the tractor and plow. This offer was refused by the appellant, and this suit followed.

In his petition the appellee alleged, in substance, that the tractor had been warranted to him as made of good material, mechanically well constructed, and that it would do his work satisfactorily. He further alleges that the tractor was worthless, some of the parts defective, and that it was unfit for the use for which he purchased it. He claims that he was induced to purchase by reason of the false and fraudulent representations made by the agents of the appellant. He asked that the contract be rescinded, that the note which he had executed be canceled, and that he recover back the amount of money he had paid in cash and the sum of $28 paid as interest on the note. He further asked, in the event he was not entitled to have the note canceled, that he recover the value of the note and the amount of cash which he had paid. He also prayed that, in the event he was not entitled to relief in either of the respects stated, he be awarded the damages sustained by reason of the defective condition of the tractor and plow.

The case was submitted to the jury on a number of special issues, many of which were found in favor of the plaintiff. Those which are material may be summarized as follows: (1) At the time the tractor was sold the agents of the appellant agreed that they would make it do satisfactory work on the plaintiff's farm; (2) that it did not do satisfactory work, and that appellant had failed to make the promise good; (3) that the tractor and plow did not measure up to the representations made by the appellant's agents; (4) part of the machinery was not made of first-class material; (5) the reasonable replacement cost of the defective parts was about $200; (6) that the actual value of the tractor and plow at the time it was delivered to the appellee was $965; (7) that the difference between the reasonable value of the tractor and plow and its value if it had come up to the warranty was $600; (8) that the appellee discovered the defects in the tractor and plow at the time he purchased it, and offered to return it in February of 1921. Upon those and some other findings the court entered up a judgment in favor of the appellee for a rescission of the contract and for a recovery of the sum of $993, the entire purchase price plus $28 paid as interest.

It is difficult to understand how any judgment for the plaintiff could be entered upon these findings. This was an executed contract. Half of the purchase price was paid in cash; the remainder was embodied in a note which before maturity passed into the hands of a third party, and that note, in determining the rights of the parties, must be treated as so much cash. The jury having found that the actual value of the machinery was $965, the exact amount of the purchase price, clearly there could be no right of rescission on the ground that the property was worthless. The written contract offered in evidence, which contained the terms of the sale, provided for the replacement of defective parts, free of charge, if application was made at the factory any time within a year after the sale. That contract, the jury found, had not been violated. At the time the demand for a rescission was made the year had not expired. While fraud on the part of the appellant's agents was alleged, that issue was not submitted to the jury, nor was there any evidence offered which justified a finding of fraud in making the sale. The tractor was carried to the appellee's premises and tested by plowing on his land, and he agreed to purchase only after a test which fully satisfied him that it was the machine he wanted. The mere fact that there were some defective parts, or that the machine did not fully meet all the warranties made by the agents, when these were unattended by any fraud or intentional deception, would not authorize the court to declare a rescission of the contract. Barnett v. Williams (Tex. Civ. App.) 242 S. W. 348. The most the appellee can claim, under the facts of this case, would be the damages he sustained for the breach of the warranties made by the appellant's agents. Under the express finding of the jury that sum could not, in any event, exceed $600. It would be difficult to render a judgment for any amount of damages, in view of the further finding that the property was worth all that the purchaser paid for it.

The judgment will be reversed, and the cause remanded.