**SMITH, Sheriff, v. SCOTT et al. (No. 2321.)**

(Court of Civil Appeals of Texas. Amarillo.
April 30, 1924. Rehearing Denied
May 21, 1924.)

1. **Indemnity ⟨Key⟩6—Bond strictly construed in indemnitor's favor.**

Indemnity bond must be strictly construed in indemnitor's favor, and cannot be extended by construction or implication beyond its plain terms.

2. **Sheriffs and constables ⟨Key⟩145—Judgment against sheriff for wages due under contract to guard attached property held not "loss" within indemnity bond.**

Judgment against sheriff for balance due under contract to guard attached property *held* not covered by bond against "loss" which sheriff might "suffer by reason of the levy and execution of said writ of attachment."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Loss.]

3. **Sheriffs and constables ⟨Key⟩151—Sheriff held not entitled to recover sum due watchman of attached property as costs in cross-action on indemnity bond.**

Sheriff sued for balance due under contract to guard attached property cannot recover such sum as costs in cross-action on indemnity bond against "loss" on theory of principal's common-law liability.

4. **Judgment ⟨Key⟩248—Only judgment supported by pleadings may be entered.**

Court may enter only such judgment as pleadings will support.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by Charles F. Scott against Fred K. Smith, Sheriff of Wichita County, and cross-action by defendant against W. P. Chaffee and others on indemnity bond. From judgment for plaintiff and cross-defendants, defendant appeals. Affirmed.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, for appellant.

Fischer & Fischer and Cox & Fulton, all of Wichita Falls, for appellees.

HALL, C. J. The appellant Smith, as sheriff of Wichita county, levied an attachment upon an oil rig and certain tools, and employed the appellee, Chas. F. Scott, as a watchman, to guard the property, agreeing to pay him at the rate of $6 per day for his services. Scott filed this suit to recover a balance due him under said contract. Smith answered, and by cross-action prayed for a judgment over against W. P. Chaffee as principal and E. Leipold and T. W. Mendenhall as sureties upon an indemnity bond which they had given him, and in which said principal, Chaffee, and sureties obligated themselves "to indemnify and hold harmless the said Fred K. Smith against any and all loss which he may suffer by reason of the levy and execution of said writ of attachment." The jury found that Smith had employed the plaintiff and agreed to pay him $6 per day for his services as watchman. The court instructed the jury peremptorily to find against Smith on his cross-action upon the bond. The case is before us upon 43 propositions, based upon 41 assignments of error. The appeal may be disposed of without considering these numerous propositions in detail. The verdict of the jury in favor of the appellee Scott is amply supported by the testimony, and it will be affirmed.

[1] The appellant's principal contention is that he was entitled to recover over against his indemnitor and the sureties upon the bond. The cardinal rule governing in the construction of indemnity contracts is that the indemnitor is entitled to have his undertaking strictly construed in his favor, and that it cannot be extended by construction or implication beyond its plain terms. 31 C. J. p. 427, § 19.

[2-4] Appellant is indemnified only against "loss" which may result by reason of the levy and execution of the writ of attachment. Neither his pleadings nor his evidence shows that he has suffered any loss. The judgment against him cannot be construed to be a loss, but grows out of an express contract for services made with the appellee Scott. While there is no statute in this state which expressly authorizes sheriffs and constables to be reimbursed for expenses in caring for, guarding, and impounding attached property, our courts have held that such officers are entitled to have taxed as costs a reasonable sum, to be allowed and collected as costs, for a watchman to look after the property while it is in custodia legis. Hussey & Whelan v. Dempsey Oil Co., Ltd. (Tex. Civ. App.) 243 S. W. 1116, and authorities there cited. We are not called upon to decide whether appellant may not, by an independent action, based upon the common-law liability of Chaffee, recover said sum. Suffice it to say that under his pleadings he cannot recover upon any such theory because by his cross-action only the bond is made the basis of his recovery. A court is authorized to enter only such judgment as the pleadings will support.

The contentions not specifically discussed are either without merit, or, if error, are harmless.

The judgment is affirmed.

BOYCE, J., not sitting.