## C. A. BRYANT CO. v. HAMLIN INDEPENDENT SCHOOL DIST. (No. 1724.)

(Court of Civil Appeals of Texas. El Paso. May 21, 1925. Rehearing Denied June 25, 1925.)

1. **Sales ⟨⟩120—Breach of warranty of executed contract does not ordinarily warrant rescission.**

Breach of warranty of executed contract of sale will not warrant rescission, unless contract is induced by fraud, or provision of contract authorizes such relief.

2. **Judgment ⟨⟩249—Petition which in fact sought rescission for breach of warranty held not to sustain judgment on theory that goods sold were valueless.**

Where petition in action for breach of warranty of an executed contract of sale of chemical toilet system does not in terms seek rescission because of breach of such warranty, but petition in all material aspects sought rescission, and case was tried on such theory, judgment for plaintiff will not be sustained on theory that nature of action is immaterial, because recovery is same when goods sold are wholly worthless, where there was neither plea nor evidence that toilet system was wholly valueless.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. Evidence 400(4)—Letter confirming quotations of toilet system and acceptance thereof constitutes contract, which cannot be varied by parol.

Letter confirming quotations of chemical toilet system, and agreeing to furnish man to install it, and guaranteeing toilets to be odorless, sanitary, and satisfactory, and order accepting such offer, constitutes the contract between the parties, and its terms cannot be altered by parol evidence, unless authorized by appropriate pleadings.

4. Sales 58—Contract agreeing to furnish man to install toilet system is not sale of installed system.

Contract for sale of chemical toilet system, wherein seller agreed to furnish competent man to install it, is not a contract of sale of an installed toilet system.

5. Sales 279—Guaranty that chemical toilet system is odorless and sanitary not fulfilled by showing that it was at first odorless and sanitary.

Guaranty that chemical toilet system is odorless, sanitary, and satisfactory is not fulfilled by showing that system, when first installed and for a few months thereafter, was odorless, sanitary, and satisfactory.

6. Sales 58—Contract held not to obligate seller to install chemical toilet system.

Contract wherein seller of chemical toilet system agreed to furnish an installation man thoroughly competent to install system at a stipulated price per day does not obligate seller to install system, but only obligates seller to furnish thoroughly competent man to install it.

7. Sales 262—Not necessary to show that buyer relied on warranty.

In action for damages for breach of warranty, it is not necessary to show that buyer relied on warranty.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Action by the Hamlin Independent School District against the C. A. Bryant Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Stinson, Coombes & Brooks, of Abilene, for appellant.

Thomas & Pope, of Anson, and C. L. Black, of Austin, for appellee.

HIGGINS, J. The appellee brought this suit against appellant, alleging:

"That by a course of correspondence in writing during the year 1920 plaintiff and defendant entered into a contract whereby the defendant was to erect and install at or near its school building at Hamlin, Tex., a system of what is known as Pease chemical toilets; that as a part of said contract the defendant was to place all equipment necessary for the installation of said toilets, f. o. b. Hamlin, Tex., and also to, and did, furnish what the defendant claimed as a competent man to install said system at Hamlin, Tex., and further, as a part of said contract, the defendant guaranteed in writing the said toilet system to be odorless, sanitary, and satisfactory in every respect, and to be in accordance with laws pertaining to same now in effect; that said written guaranty on the part of defendant was dated June 24, 1920, and said guaranty that said system would be satisfactory was to be performed at Hamlin, Tex., and according to said guaranty was at said point to be in every way satisfactory to plaintiff in said case; that pursuant to said contract, and for the purpose of installing said chemical system, the plaintiff erected buildings on its school lot near its public school building, for the purpose of containing and housing the said chemical toilet system, and for the defendant herein to install said chemical system in said buildings so erected by plaintiff."

Additional averments were to the effect that the plaintiff had paid $1,000 upon the contract price and given its note for the balance; that the system did not comply with the guaranty, and by reason of defective installment of the same the foundation of the buildings housing same had been undermined, and the buildings, which cost $2,500 had been ruined, and the toilet system was "absolutely worthless to the plaintiff." Wherefore "defendant has breached its contract and its guaranty to this plaintiff as above set forth, at Hamlin, in Jones county, Tex., and is therefore liable to this plaintiff for the full amount paid to it on said contract, together with interest on same from December 1, 1920, and liable for a cancellation of said note above described for the principal sum of $980, executed by plaintiff and defendant, and liable for all damages caused to the said brick buildings housing said installation system, which plaintiff alleges to be the sum of $2,000." Wherefore judgment was prayed for the $1,000 paid, cancellation of the note given, and $2,000 damages to the buildings in which the system was housed.

The only correspondence evidencing a contract between the parties is a letter dated June 24, 1920, written by the defendant to H. D. Neff, superintendent of schools at Hamlin, and an order for the toilets, dated July 27, 1920. The pertinent provisions of the letter are as follows:

"I thought best to write you confirming quotations I made to you on toilets. We agree to furnish 16 or 18 toilets, like number being on each side of the building, complete in every respect, for $110 per seat, f. o. b. Hamlin. We further agree to furnish an installation man thoroughly competent to install same at $6 per day and his expenses. This will mean railroad fare and hotel bill. We absolutely guarantee the toilet system to be odorless, sanitary, and satisfactory in every respect, and to be in accordance with any laws pertaining to same now in effect."

The order is not copied in the statement of facts but is thus described:

"Order dated July 27, 1920, on C. A. Bryant & Co., Dallas, Texas, for 18 Pease chemical toilets, amount, $1,980 f. o. b. Hamlin, signed W. E. Benson, President."

The evidence shows appellant furnished a man who installed the system at the plaintiff's expense; that a few months after installation the system became very offensive and insanitary, and the septic tanks would not drain. The evidence does not clearly disclose the cause of its failure to function properly, but tends to show that the foundations of the housing buildings were not sufficient, in consequence of which the floors of the buildings sunk, thus causing damage to the drainage of the system.

Various special issues were submitted, all of which were answered in favor of the plaintiff. The first three issues and answers are as follows:

"Special Issue No. 1.—Did defendant guarantee in writing to plaintiff that the toilets in question would be odorless, sanitary, and satisfactory in every respect? Answer: Yes.

"If you answer special issue No. 1 in the affirmative, then you will answer special issue No. 2, as follows:

"Special Issue No. 2.—Did plaintiff, in purchasing the toilets in question from defendant, rely upon the written guaranty of defendant that said toilets would be odorless, sanitary, and satisfactory in every respect? Answer: Yes.

"Special Issue No. 3.—Were the toilets in question odorless, sanitary, and satisfactory? Answer: No."

Judgment was rendered in favor of the plaintiff for $3,364.70 and cancellation of the note as prayed for.

[1] The present action differs in no material feature from Wright v. Davenport, 44 Tex. 164, which has been repeatedly quoted and followed in this state. Some of the cases following same are Texas, etc., v. Alley (Tex. Civ. App.) 180 S. W. 621; W. D. Sessums Motor Co. v. White (Tex. Civ. App.) 239 S. W. 329; Barnett v. Williams (Tex. Civ. App.) 242 S. W. 348; Ulrich v. Galveston, etc. (Tex. Civ. App.) 199 S. W. 310; Liquid, etc., v. Migurski (Tex. Civ. App.) 229 S. W. 661; Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290; Potter v. Mobley (Tex. Civ. App.) 194 S. W. 205. That case established the rule in Texas that the breach of a warranty in an executed contract of sale will not warrant rescission, in the absence of fraud inducing the contract or a provision in the same authorizing such relief.

[2] The plaintiff's petition herein does not in terms seek a rescission of the contract because of a breach of the warranty, but in all of its material features such is its nature, and the relief sought is that appropriate in actions to rescind, together with special damages. Such was the nature of the petition in Wright v. Davenport. The plaintiff manifestly relied upon a supposed right of rescis-sion for breach of the warranty rather than compensation in damages. The issues submitted to the jury and the whole record show the case was tried upon that theory. In cases where the property sold is wholly without value, the form of the action is perhaps immaterial, for the measure of recovery is the same. It was alleged "that the said chemical toilet system is absolutely worthless to the plaintiff," and the evidence would sustain a finding to that effect; but it was not an installed system the defendant offered to sell in its letter, of June 24, 1920, upon which the suit is based, but an offer to sell 16 or 18 toilets complete in every respect for $110 per seat f. o. b. Hamlin, and to furnish a competent man to install the same at the plaintiff's expense. The seats and connections were the integral parts of the system, and it was these parts the defendant offered to sell, which offer was subsequently accepted by the plaintiff. There is neither plea nor evidence that such parts were wholly without value, but the necessary inference from the evidence is that they were not without some secondhand value, because the evidence shows a widespread sale of the Pease chemical toilets and satisfactory service. There being neither plea nor evidence that the parts sold were wholly without value, the judgment cannot be sustained upon the theory that the nature of the action is immaterial, because the measure of recovery is the same.

For the reasons indicated, and upon the authority of the cases cited above, some of which are much in point, the judgment will be reversed. In view of a retrial our views upon some of the questions presented will be briefly indicated.

[3, 4] The letter of June 24, 1920, and the subsequent acceptance of the offer therein contained by the order of July 27, 1920, constitutes the contract between the parties. This contract does not evidence the sale of an installed system. The terms of this contract cannot be varied by parol evidence, unless authorized by appropriate pleadings.

[5] The warranty contained in the letter is not fulfilled by showing that the system, when first installed and for a few months thereafter, was odorless, sanitary, and satisfactory.

[6] The contract between the parties did not obligate the defendant to install the system. Its obligation in this respect was limited to furnishing a thoroughly competent man to install the same at $6 per day and expenses, to be paid by the plaintiff. There is no evidence of any breach of this obligation. Upon the evidence here presented, there is no liability for the special damages recovered. The rule as to recovery of these damages is stated in San Antonio v. Josey (Tex. Civ. App.) 91 S. W. 598; Murray Co. v. Putman, 61 Tex. Civ. App. 517, 130 S. W.

631; C. H. Dean Co. v. Standifer, 37 Tex. Civ. App. 181, 83 S. W. 230; Southern, etc., v. Peveto (Tex. Civ. App.) 150 S. W. 279.

[7] There is no occasion to submit issues 1 and 2. It was not questioned that the guaranty was given, and in an action for damages upon breach of warranty it is not necessary to show the plaintiff relied upon the warranty.

Reversed and remanded.