**C. A. BRYANT CO. v. HAMLIN INDEPENDENT SCHOOL DIST. (No. 359.)**

Court of Civil Appeals of Texas. Eastland.
May 24, 1929.

Rehearing Denied June 28, 1929.

Roy L. Duke and Stinson & Brooks, all of Abilene, and Coombes & Andrews, of Stamford, for appellant.

Thomas, Pope & Shapard, of Anson, for appellee.

HICKMAN, C. J. ■ This is the second appeal of this case. The opinion on the former appeal will be found reported in 274 S. W. 266. After the case reached this court on the second appeal, we certified certain questions involved to the Supreme Court. The opinion of the Supreme Court answering certified questions is reported in 14 S.W.(2d) 53. The certificate is set out in full in that opinion, and no further statement of the nature of the case is required than that contained therein. Under the answers to the certified questions the case must be remanded for another trial. As we construe the opinion of the Supreme Court, parol evidence will be admissible on the next trial to explain the ambiguous portion of the written contract. In that opinion the question of the sufficiency of the pleadings to permit the introduction of oral testimony to explain the ambiguous language was not discussed. That question was not before that court. It is our opinion that, if appellee desires to introduce oral testimony explaining the written contract, it will be necessary to plead the ambiguity. San Antonio Machine & Supply Co. v. Allen (Tex. Civ. App.) 268 S. W. 532; Curry v. Texas Co. (Tex. Civ. App.) 8 S.W.(2d) 206.

■ In view of another trial, we think it proper to make the further observation that the pleadings, as we construe them, declare upon a breach of the warranty contained in the letter, and also upon a breach of the obligation to furnish a competent man to install the toilet system. It would seem from the opinion of the Supreme Court that it did not devolve upon appellee to allege and prove that the installation man was incompetent, but that a case is made upon proof of the fact that, without appellee's fault, the system, when installed, was not odorless, sanitary, and satisfactory. If, however, appellee, upon another trial, sees fit to allege and rely upon a breach of the contract in the particular that appellant failed to furnish a competent installation man, then such issue should

be submitted to the jury, if supported by evidence. A suit for damages for breach of a contract to furnish a competent man presents different questions of fact and law to a suit for breach of warranty that the system, when installed, would be odorless, sanitary, and satisfactory.

Since the case must be retried, it is unnecessary for us to pass upon the propositions urged in appellant's brief, challenging the sufficiency of the evidence to sustain the verdict.

The judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

In our original opinion we did not discuss the reasons for remanding the cause for a new trial, but merely stated that under the answers to the certified questions the case must be remanded. Appellee has filed a motion for rehearing, in which the correctness of that holding is questioned. The contention is that, since the trial court did not submit to the jury any issue as to the prior oral negotiations leading up to the written contract, but submitted only an issue which would be proper under the warranty contained in the written contract, the error in admitting the evidence as to the oral agreements and negotiations was harmless. We are therefore urged to affirm the judgment of the trial court.

■ As desirable as it might be to end this prolonged litigation, we are unable to do so. on the record before us, considered in the light of the answers of the Supreme Court to the questions certified. Appellees declared upon a contract in their petition partly oral and partly in writing. The Supreme Court has held that the contract was wholly in writing. A judgment on a contract wholly in writing has no support in the pleadings, which declare upon a contract partly oral and partly in writing.

■ Furthermore, we are unable to hold that the error in admitting evidence of oral agreements was harmless. The rule with reference to when improper testimony will be held harmless is stated by the Commission of Appeals in the case of Bain Peanut Co. v. Pinson et al., 294 S. W. 536, in this language: "Where improper testimony in its nature calculated to prejudice is permitted, the appellate court must presume that harm resulted therefrom, unless it affirmatively appears from the record that it did not. The same rule of law applies to the introduction of improper evidence over objection as is applicable to improper remarks of counsel in argument or misconduct of the jury. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Britain v. Rice (Tex. Civ. App.) 183 S. W. 84."

■ It does not affirmatively appear to us that this improper testimony did not influence the answers of the jury to the special issues submitted. In answer to special issue No. 4 the jury found, in substance, that the integral parts of the toilet system, at the time its use was abandoned, had no value whatever. This answer was doubtless influenced in some degree by the improper testimony, for the only support for such a finding is in the fact that the system was not worth anything to the school as a toilet system. The answer to this question was not supported by the testimony, and can be accounted for only upon the ground that the jury took into consideration the testimony of the oral contract to sell an installed system.

The motion for rehearing will be overruled.