**BECK et al. v. DALLAS RY. CO.** (No. 3750.)

Court of Civil Appeals of Texas. Texarkana. Dec. 11, 1929.

Rehearing Denied Dec. 19, 1929.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

WILLSON, C. J.. (after stating the case as above). [1] Appellants insist a case of "discovered peril" was made by the findings of the jury numbered 1, 2, and 3, set out in the statement above, and that the judgment therefore should have been in their favor, notwithstanding the finding of the jury that Mrs. Beck was guilty of contributory negligence. We think the contention should be overruled; for, as we construe the findings specified, it did not appear therefrom that the motorman actually knew that Mrs. Beck would be in a position of peril from the street car if he moved it when and as he did. Without such knowledge on the motorman's part, the case could not be one of "discovered peril." Galveston, H. & S. A. Ry. Co. v. Price, (Tex. Com. App.) 240 S. W. 524. The finding numbered 1 was that the motorman saw Mrs. Beck's automobile or knew of its "position and situation." That finding furnished a sufficient basis for the finding numbered 2, that the motorman was guilty of negligence in moving the street car as he did; but we think, contrary to appellant's view of the matter, it was not inconsistent with a lack of actual knowledge on the motorman's part that the automobile would remain at the place where he saw it, and a lack of knowledge that if it did remain there the street car would hit it. It did not appear that the motorman knew anything about the position of the trucks in front of Mrs. Beck's automobile, which she testified prevented her from moving it, and no reason is apparent on the face of the record, as we view it, why the trial court did not have a right to find, if such a finding was necessary to support his judgment, that it did not appear the motorman had actual knowledge of the peril Mrs. Beck was in from the movement of the street car.

■ The contention hinted at, if not made, in appellants' argument, that consideration should be given to the fact that Mrs. Beck's negligence was slight, is not tenable. The doctrine of comparative negligence is not recognized as existing in this state in cases like this one is.

The judgment is affirmed.

On Motion of Appellant for a Rehearing.

Calling attention to a recital in the judgment that the trial court was "of the opinion that, under the findings of the jury as set out in" their verdict, "judgment should be rendered for the defendant, Dallas Railway Company, and that plaintiff take nothing," appellants insist in their motion that we erred when we said, in the opinion disposing of the appeal, that no reason was apparent on the face of the record "why the trial court did not have a right to make the finding, involved in his judgment, that it did not appear that the motorman had actual knowledge of the peril Mrs. Beck was in from the movement of the street car." It is asserted that the recital shows the judgment was based entirely on the findings of the jury, and not at all on any finding made by the court, and Barnett v. Williams, 242 S. W. 348, decided by this court, is cited as determining that in the face of such a recital it cannot be presumed that the court made findings necessary to the validity of the judgment. A reference to the record in the case referred to shows the recital in the judgment therein to have been as follows: "It is therefore found by the court, upon the answers of the jury to the special issues," etc. It may be the holdings in the two cases are in conflict, but if it should be conceded they are, and that the one in this case is erroneous, we do not think a correction of the error would require the sustaining of the motion and a reversal of the judgment; for we do not think a finding that the motorman had actual knowledge of Mrs. Beck's perilous position was necessarily involved in the judgment. The findings of the jury not making a case of "discovered peril," as we determined, the judgment had sufficient support in the finding of the jury that Mrs. Beck was guilty of contributory negligence.

The motion is overruled.