**FIRST STATE BANK IN CALDWELL v. STUBBS et al.**

No. 9650.

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1932.

Rehearing Denied March 3, 1932.

Bowers & Bowers, of Caldwell, for appellant.

W. M. Hilliard, of Caldwell, for appellees.

LANE, J.

This suit was instituted by the First State Bank in Caldwell, Tex., in the form of trespass to try title to two certain tracts of land situated in Burleson county, Tex., one containing 275 acres and the other 73 acres, against J. E. Stubbs and his wife, Marella Stubbs, and against W. M. Hilliard and Frank M. Stubbs.

Defendants answered by a plea of not guilty, by a general denial, and by a special plea as follows:

"And for further answer herein, if need be, these defendants say that the defendants, J. E. Stubbs and Marella Stubbs are husband and wife and have been for many years, and that they have been for many years the owners of and lawfully seized and possessed of the tracts of land and premises described in plaintiff's petition, situated in Burleson County, Texas, holding and claiming the same in fee simple, and that 200 acres of said land and premises hereinafter described is the homestead of the said defendants, J. E. Stubbs and Marella Stubbs, and that same has been their homestead for many years, and they have been living on, cultivating, using, enjoying, occupying and claiming the same as their homestead and raised their family on same, to-wit:" (Here follows a description of 200 acres of the land claimed as homestead.)

Pleading further they say:

"That the above described 200 acres of land is the homestead of the defendant, J. E. Stubbs and Marella Stubbs and has been for many years and that the same is exempt to the said defendants under the constitution and laws of this State of Texas.

"4th. Defendants further represent to the Court that the defendants, J. E. Stubbs and Marella Stubbs conveyed to the defendant, W. M. Hilliard, by warranty deed an undivided one-third interest in and to the above 200 acres of land, premises and improvements in consideration of his services herein; the said W. M. Hilliard being an attorney at law and having agreed and contracted to defend this suit for the defendants, J. E. Stubbs and wife, Marella Stubbs, and the defendant, W. M. Hilliard, says that he is now the owner of an undivided one-third interest in and to said 200 acres of land herein described.

"5th. The defendants further represent to the Court that on or about the 8th day of Nov. A. D. 1929, the defendants J. E. Stubbs and wife, Marella Stubbs, conveyed to the defendant, Frank Stubbs, certain oil, gas and mineral, fully described in said deed and the said defendant is now the owner of the same. Said deed is recorded in deed records of Burleson County in Vol. 70, on page 518, and same is made a part hereof."

By supplemental petition plaintiff denies generally the allegations of the defendants' answer.

Facts.

It was agreed by all parties that the common source of title to the 275-acre tract involved herein was one J. W. Porter, and that the common source of title to the 73-acre tract was M. F. Phegley. It was also agreed that either party might read from the record the written instruments of title as evidence without notice, reserving however the right of any party to except to all such evidence upon evidential grounds.

Plaintiff offered in evidence the record of a certain deed of trust executed by J. W. Stubbs to H. D. Cherry, trustee, for the use and benefit of the First State Bank of Caldwell, Tex., dated December 13, 1927, which was filed for record on the same day, entered of record upon the real estate records of Burleson county on the 19th day of De-

**448**

cember, 1927. Such deed of trust purports to convey to Cherry, trustee, the 275-acre tract and the 73-acre tract. It describes the two tracts by metes and bounds. Other parts of such deed of trust pertinent to the issues involved in this suit are as follows:

"I hereby certify that none of the above lands are my homestead, but I now own a home in the City of Hearne, Robertson County, Texas, where myself and family now reside, and my homestead is now in Hearne, Robertson County, Texas. * * *

"This conveyance, however, is intended as a Trust for the better securing of the First State Bank of Caldwell, Texas, of the County of Burleson and State aforesaid, in payment of one certain promissory note, of which the following is a substantial copy:

"$4625.80    Caldwell, Texas, Dec. 13, 1927.

"Nov. 13th. 1928, after date, for value received, I, we, or either of us, promise to pay to the order of The First State Bank of Caldwell, Texas, Forty Six Hundred, Twenty Five and 80/100 Dollars, at its office in Caldwell, Texas, with interest at the rate of ten per cent per annum, from maturity until paid, and ten per cent upon the principal and interest then due, as attorneys fees, if placed in the hands of an attorney for collection, or collected through the Probate Court or Court of Bankruptcy; and it is agreed that all signers and endorsers of this note waive demand, protest, notice of protest and nonpayment; and that this note may be extended from time to time without notice to them.

                            "J. E. Stubbs,
"Address:   Hearne, Texas.

"This is not intended to supplant any deed of trust the said Bank herein already has against the lands above described, but, is intended as additional security, and in renewal and extension of said deed of trust.

"Bearing interest at the rate of ten per cent per annum from maturity. * * *

"In case of failure or default in the payment of said promissory note together with interest thereon accrued, according to its terms and face at maturity of the same, then in such event, said H. D. Cherry is by these presents fully authorized and empowered, and it is made his special duty, at the request of the said First State Bank of Caldwell, Texas, at any time made after maturity of said promissory note, to sell the above described property to the highest bidder, for cash, at public outcry, in front of the Court House door of said Burleson County, on the first Tuesday of any month, between the hours of 10 o'clock A. M. and 4 o'clock P. M., first giving notice of the time, place and terms of sale for at least twenty days successively next before the day of sale, by posting up written or printed notices of such sale at three public places in the County of Burleson, State of Texas, one

of which shall be at the Court House door of Caldwell, said County, and by giving such other notice as is or may be required by law, and after said sale as aforesaid, to make to the purchaser so sold, with usual conveyance and warrants, and to receive the proceeds of said sale, and the same to apply to the payment of said note, the interest thereon accrued, and the expenses of executing said trust, including 5% per cent commission to said Trustee, holding the remainder thereof subject to the order of me the said J. E. Stubbs.

"It is expressly agreed that the recitals in this conveyance to the purchaser shall be full evidence of the truth of the matters therein stated, and all perequisites to said sale shall be presumed to have been performed, and it is hereby specifically provided that should the said H. D. Cherry from any cause whatever fail or refuse to act or become disqualified from acting as such Trustee, then the said First State Bank of Caldwell, Texas, or other holder of said indebtedness, shall have full power to appoint a substitute, in writing, who shall have the same powers as are hereby delegated to the said H. D. Cherry, is and by these presents fully and absolutely ratify and confirm any act and all acts which the said H. D. Cherry or his substitute as herein provided, may do in the premises by virtue hereof.

"Witness my hand this 13th. day of December, A. D. 1927.

"The State of Texas, County of Burleson .
                            "J. E. Stubbs.

"Before me, the undersigned authority, a Notary Public in and for Burleson County, Texas, on this day personally appeared J. E. Stubbs, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this 13th. day of December, A. D. 1927. [Seal.]    H. D. Cherry, Notary Public, Burleson County, Texas.    (Certificate of record with seal.)"

Counsel for defendants objected to the introduction in evidence of the record of such deed of trust upon the following grounds only: First, that the instrument showed upon its face that the acknowledgment was taken before H. D. Cherry, notary public, the trustee in the deed of trust, and therefore such acknowledgment was void; second, that such acknowledgment is void in that at the time it was taken H. D. Cherry was cashier of the plaintiff bank, and a stockholder therein.

The court sustained such objection and refused to admit in evidence the record of such deed of trust, or any part thereof, holding that it was absolutely void. The plaintiff

excepted to such ruling of the court and set out in its bill of exception a copy of said deed of trust, which bill is approved and allowed by the trial court.

In the bill as approved and allowed it is in effect stated that the plaintiff was insisting that the deed of trust was not void for want of a legal acknowledgment, in that the undisputed evidence shows that only parties to all the transactions are involved, the original parties to the instrument; that under such circumstances no acknowledgment or record of the instrument was necessary to its validity; that the lands involved were not the separate property of Mrs. Stubbs, but were community property of J. E. Stubbs and his wife.

Plaintiff introduced in evidence an instrument in writing of date August 16, 1930, executed by W. H. Womble, president of plaintiff bank, reciting substantially that H. D. Cherry, named in the deed of trust of date December 13, 1927, as trustee to sell the property under such deed of trust, had refused to further act as such trustee; that default had been made in the payment of the indebtedness described in such deed of trust; and that by reason of the facts stated, the plaintiff bank, the owner and holder of such indebtedness and deed of trust lien, had appointed Hays Bowers, substitute trustee to act under and by virtue of such deed of trust and to sell the land covered by the deed of trust and make a deed of conveyance to the purchaser at such sale.

Plaintiff introduced in evidence the deed of date October 7, 1930, executed by Hays Bowers, purporting to have been executed by authority of his appointment as substitute trustee under the deed of trust of date December 13, 1927, signed by J. E. Stubbs, conveying to the First State Bank in Caldwell the two tracts of land involved in this suit for a consideration of $1,000 cash paid by said bank, upon its bid at a public sale made by the trustee in manner and form as required by law.

Plaintiff offered in evidence for all purposes the whole of a deed of trust of date February 15, 1929, executed by J. E. Stubbs to H. D. Cherry, trustee, for the use and benefit of the First State Bank in Caldwell, to secure payment of a promissory note executed and delivered by J. E. Stubbs to said bank, for the sum of $4,783.80. Included in such sum is the $4,625.80, evidenced by the note and deed of trust of date December 13, 1927, and a further advancement of $158, made by the bank to Stubbs since the execution of the deed of trust of December 13, 1927. Such deed of trust of February 15, 1929, offered in evidence, describes by metes and bounds the two tracts of land in controversy, one of 275 acres and the other 73 acres, being the same two tracts covered by the deed of trust of date December 13, 1927.

It is recited in the deed of trust of date February 15, 1929, as follows:

"I hereby certify that none of the above lands are my homestead, but I now own a home in the City of Hearne, Robertson County, Texas, where myself and family now reside, and my homestead is now in Hearne, Robertson County, Texas.

"This deed of trust is a renewal of deed of trust dated Dec. 13th, 1927, and is an extension of same and does not cancel nor release any other deed of trust that said Bank may hold against said lands of said J. D. Stubbs."

H. D. Cherry is by the recitals in such deed of trust made trustee with power to sell the land described, same being the land described in the former deed of trust. Upon objection being made to the admission of such deed of trust, the court excluded all portions thereof except those parts thereof which we have above copied.

The evidence upon the question as to whether the 200 acres of land claimed by the defendants Stubbs and wife was, at the time of the execution of either of the deeds of trusts mentioned, the homestead of Stubbs and wife, is strongly conflicting; as was also the evidence as to whether or not at such time the property in Hearne, upon which Stubbs and wife lived, was their homestead.

A jury was selected and sworn to try the cause, but after the evidence was all in, the court instructed the jury to return a verdict for all defendants. Such verdict was accordingly returned by the jury.

Judgment was rendered by the court for the defendants, reciting therein substantially that the *court* finds from the evidence that Stubbs and wife had for many years been the owners of and in possession of the 200 acres, claimed by them as their homestead, and that said 200 acres is and has been such homestead for many years ever since the year 1906 and that the same was their homestead on the 13th day of December, 1927, and that the same is not subject to the debts of J. E. Stubbs. Such recitals are followed by the following recitals:

"And the Court further finds from the evidence that the deed of trust from J. E. Stubbs to H. D. Cherry, Trustee, for the use and benefit of the First State Bank of Caldwell, Texas, dated the 13th day of December, 1927, and recorded in the Real Estate Mortgage Records for Burleson County, Texas, in Vol. R, on page 305, on two tracts of land therein described and in which the defendants, J. E. Stubbs and wife, Marella Stubbs, homestead tract of 200 acres above described is included, is void for the following reasons:

"First: The same was obtained by the First State Bank of Caldwell, Texas, from the defendant, J. E. Stubbs, through fraud and misrepresentations in that the said First State

Bank of Caldwell, Texas, purposely led the said J. E. Stubbs, defendant, to believe that his 200 acre homestead tract above described was not included in said deed of trust; and

"Second: Because the 200 acres of land above described was at the time the homestead of the defendants, J. E. Stubbs and wife, Marella Stubbs.

"And the Court further finds from the evidence that the deed of trust from J. E. Stubbs to H. D. Cherry, Trustee, given for the use and benefit of the First State Bank in Caldwell, Texas, and dated the 15th day of February, A. D. 1929, recorded in the Real Estate Mortgage Records of Burleson County, Texas, in Vol. W. on page 2, on two tracts of land therein described and in which the defendants, J. E. Stubbs and wife, Marella Stubbs, homestead tract of 200 acres above described is included is void for the following reasons:

"First: The same was obtained by the First State Bank in Caldwell, Texas, from the defendant, J. E. Stubbs, through fraud and misrepresentations in that the said First State Bank in Caldwell, Texas, purposely led the said J. E. Stubbs, defendant, to believe that his 200 acre homestead tract above described was not included in said deed of trust; and,

"Second: Because the 200 acres of land above described was at the time the homestead of the defendants, J. E. Stubbs and wife, Marella Stubbs. And the Court finds from the evidence that the plaintiff, First State Bank in Caldwell, Texas, has failed to prove its cause of action as alleged in its pleadings; and the Court further finds from the evidence that the defendants have established their defense by the evidence.

"It is therefore ordered, adjudged and decreed by the Court that both of the above mentioned deeds of trust from J. E. Stubbs to H. D. Cherry, Trustee, and the first of said deeds of trust dated December 13th, 1927, and given for the use and benefit of the First State Bank of Caldwell, Texas, and recorded in the Real Estate Mortgage Records of Burleson County, Texas, in Vol. R, on Page 305, and also the deed of trust dated the 15th day of February, 1929, from J. E. Stubbs to H. D. Cherry, Trustee, and given for the use and benefit of the First State Bank in Caldwell, Texas, recorded in the Real Estate Mortgage Records of Burleson County, Texas, in Vol. W, on page 2, be cancelled, set aside and annulled and held for naught, and that the cloud cast upon the title of defendants, J. E. Stubbs and wife, Marella Stubbs, to the said 200 acres of land be and the same is hereby removed.

"It is further ordered, adjudged and decreed by the Court that the plaintiff, First State Bank in Caldwell, Texas, take nothing by this suit, and that the defendants recover of and from the said plaintiff all cost in this behalf expended for which let execution issue."

The First State Bank in Caldwell, Tex., has appealed from the judgment rendered.

We deem it not amiss to here state that there were no allegations by the defendants that either of the deeds of trusts mentioned were obtained by the bank from defendant J. E. Stubbs through fraud and misrepresentations as stated by the court. We also think it appropriate to here state that notwithstanding the fact that defendants alleged no fraud or misrepresentations on the part of the bank or any of its agents, the court heard evidence upon such question. Upon such question the evidence was conflicting, and therefore had such evidence been supported by pleading, the determination of the issue would be one for the jury and not for the court.

Appellant, as cause for reversal of the judgment, contends, substantially:

First, that the court erred in not permitting appellant to introduce in evidence a certified copy of the record of the deed of trust of date December 13, 1927, under which the land in question was sold by the substitute trustee appointed under provisions of such instrument, upon a holding (1) that such instrument was void because it was not legally acknowledged, and (2) because, as it was not legally acknowledged, a copy of the record of same was not admissible in evidence. The ground of complaint of the ruling of the court is that the court erred in holding that the deed of trust was absolutely void because it was not acknowledged.

Second, that the court erred in not permitting appellant to introduce in evidence, for all purposes, the original deed of trust of date February 15, 1929, especially for the purpose of showing that by its terms and provisions it did not become a substitute for, take the place of or nullify the deed of trust of date December 13, 1927, under which the land was sold and conveyed to appellant, in that such instrument of date February 15, 1929, described the land covered by the instrument of date December 13, 1927, recites that J. E. Stubbs, who signed and acknowledged the same, as did the first instrument, at the time of its execution, certified that the land, the 275 and the 73 acres described in the instrument, nor any part thereof, was his homestead, but that his homestead was certain premises owned by him in the city of Hearne, Robertson county, Tex., where he, his wife, and family then resided; and that it was also recited in such instrument that: "This deed of Trust is a renewal of deed of trust dated Dec. 13th, 1927, and is an extension of same and does not cancel nor release any other deed of trust that said Bank may hold against said lands of said J. D. Stubbs."

Third, that the court erred in admitting several witnesses to testify that J. E. Stubbs had, subsequent to the execution of the deed of trust of date December 13, 1927, told them that the 200 acres claimed by him in this suit was the homestead of himself and family, in that such testimony was secondary evidence and that such statements, if made, were self-serving and therefore inadmissible.

Fourth, that the court erred in taking the case from the jury and instructing a verdict, for the defendants, upon a holding by the court that the two deeds of trust, one of date December 13, 1927, and the other of date February 15, 1929, were obtained by appellant from J. E. Stubbs, through fraud and misrepresentations, in that appellant purposely led J. E. Stubbs to believe that the 200 acres claimed by him as homestead was not included in either deed of trust, because there was neither pleading nor evidence to support such holding.

Fifth, that the court erred in taking the case from the jury and instructing a verdict for defendants, upon a holding that the evidence showed as a matter of law that the 200 acres claimed by J. E. Stubbs was in fact the homestead of defendants J. E. Stubbs and wife, in that the evidence relative to such question was conflicting.

In view of the fact that the deed of trust of date December 13, 1927, was executed by J. E. Stubbs alone, it was not void because not legally acknowledged, as held by the trial court. Deeds of grantors are valid as between the parties, grantor and grantee, without a valid certificate of acknowledgment except where the grantor is a married woman. The court, however, correctly held that a certified copy of the record of the instrument was not admissible in evidence, in that its record without a valid certificate of acknowledgment was unauthorized; it being provided by law that only deeds duly acknowledged shall be recorded and constitute constructive notices of their existence, except where they have been recorded for ten years, and not attacked for want of proper and legal record within such time. Wherefore appellant's first contention is overruled.

It is appropriate to here state that as the deed of trust of date December 13, 1927, is a necessary link in the title of appellant to the land in question, there must be proof of its execution by J. E. Stubbs before appellant can in any event recover in this suit: but we have reached the conclusion that such execution was proven by evidence which we will now state.

There was no question but what the instrument of date December 13, 1927, described the 275 acres out of which Stubbs and wife claim 200 acres as their homestead in this suit, nor that the 73 acres involved was also described in the instrument, nor is there any denial by any one that J. E. Stubbs executed such instrument with the description of the land therein as stated, indeed, J. E. Stubbs, when shown such instrument, testified: "I did sign the instrument. This is the instrument, dated December 1927; yes, sir." But he testified that he did not know at the time he signed that the 200 acres claimed by him as homestead was embraced in the instrument; that he thought that only the 75 acres in excess of the 200 acres and the 73 acres were described in the instrument. He testified that he signed the instrument in question on the 13th day of December, 1927; that the signature to it was his signature.

Again he said: "I do admit I signed it; yes that is my signature."

Again he said: "In 1927, on December 13th I executed a deed of trust and a note for $4,600.00."

Again he said: "That was in 1927. That deed of trust was written that day—that is the paper I signed."

Again he said: "In 1928 after I executed that deed of trust, (the one of date Dec. 13th, 1927) the board of directors, part of them, came to Hearne."

Such testimony of J. E. Stubbs was voluntarily given and was in no wise objected to. We think such testimony, together with the undisputed fact that the instrument as written was executed by J. E. Stubbs, sufficiently proves the instrument, without its introduction in evidence. We also think that the recitals in the deed of trust of date February 15, 1929, executed by Stubbs, to the effect that such instrument is a renewal of the deed of trust dated December 13, 1927, and is an extension of the same and does not cancel nor release any other deed of trust that said Bank holds against said lands of J. E. Stubbs, evidences the fact that the parties intended to keep in force and effect the deed of trust of December 13, 1927. We think the original deed of trust of 1929 was admissible in evidence and that the court erred in not permitting it in evidence when offered by appellant.

What we have said disposes of the first and second contentions of appellant.

We sustain appellant's third contention. The testimony of the witnesses Thorp and Bain that, after the execution of the deed of trust of December, 1927, both J. E. Stubbs and his wife told them that they claimed the 200 acres as their homestead and that they had not abandoned it, admitted in evidence, we think, clearly hearsay, and that such statements of Stubbs and wife if made were self-serving and inadmissible in evidence.

We sustain appellant's fifth contention. The court erred in taking the case from the jury and instructing a verdict for defend-

ants Stubbs and wife upon their plea of homestead, holding that the evidence supported such plea as a matter of law. The question as to whether the 200 acres out of the 275-acre tract described in both deeds of trust was the homestead of Stubbs and wife at the time J. E. Stubbs executed the deed of trust in December, 1927, or whether the home in Hearne, Robertson county, was such home at such time, was a sharply controverted issue, and therefore an issue to be determined by the jury upon proper instructions, and not for the court.

We sustain appellant's contention that the court erred in taking the case from the jury and instructing a verdict for defendants upon its holding that the two deeds of trust, involved herein, were obtained by appellant from J. E. Stubbs, through fraud and misrepresentations on the part of appellant, (1) because there was no plea whatever that the deeds of trust or either of them were obtained by appellant from Stubbs through fraud or misrepresentations on the part of anybody, and (2) if there had been any such plea as would have authorized the reception of evidence in its support, the evidence offered relative to such matter was sharply contested and conflicting, thus presenting a question for the determination of the jury upon proper instructions, and not for the court.

It is evident from what we have said that we are of opinion that neither of the defendants, W. M. Hilliard nor Frank Stubbs, are entitled to any recovery in this suit, for this, it is shown that the instrument executed by Stubbs and wife which purports to convey to W. M. Hilliard a one-third undivided interest in lands covered by the two deeds of trust above mentioned, under which deed Hilliard is asserting title, was executed on the 24th day of September, 1930, long after the two deeds of trust and the sale under the one of date December 13, 1927, were executed, and that at the time the deed was executed by the Stubbs to Hilliard, Hilliard had actual knowledge of the existence of both of said deeds of trust and of the sale made under said deed of trust of date December 13, 1927, and that he also had constructive knowledge of the existence of the deed of trust of date February 15, 1929, the same being duly recorded, and that Frank Stubbs had actual knowledge of said two deeds of trust at the time he accepted a conveyance from J. E. Stubbs purporting to convey to him the minerals under the land covered by said deeds of trust.

For the reasons above expressed, the judgment of the trial court is reversed as to all appellees, and the cause is remanded.

Reversed and remanded.