## CHAMBLIN v. WEBB.

### No. 11037.

Court of Civil Appeals of Texas. San Antonio.

Oct. 29, 1941.

Hoyo, Sharpe & Williams, of San Antonio, for appellant.

Le Roy McCall, of Beaumont, for appellee.

SMITH, Chief Justice.

J. M. Webb executed and delivered three contracts to Texas Historical Society in this form:

"$255.00   Texas Historical Society   $255.00
San Antonio, Texas
Hamshire, Tex. 9/14, 1937

I herewith authorize the Texas Historical Society to have prepared a portrait engraving from my photograph to be inserted in the revised edition of the new Encyclopedia of Texas, for which I promise to pay the sum of Two Hundred and Fifty-Five Dollars to said Company or order at National Bank of Commerce, San Antonio, Texas. Payable on submission of proof of said engraving. I also agree to furnish my photograph within thirty days from date, failure of which will render one-half of the above amount payable upon demand. This order is not subject to countermand, and no oral agreement unless stipulated in writing herein will be acknowledged.

Name   J. M. WEBB
Address  Hamshire, Tex."

The sums payable under the three contracts were $28.50, $255 and $255, respectively. On March 1, 1940, Texas Historical Society assigned the three contracts to T. S. Chamblin, who brought this action against Webb to recover thereon.

The record shows that Texas Historical Society was owned by E. A. Davis, operating under that trade name. The record further shows that T. S. Chamblin was a former employee of Davis and the Society.

Webb defended on the ground of failure of consideration, alleging that Davis, *as plaintiff Chamblin's "authorized agent,"* had orally agreed, when the contracts were executed, to put photographs and autobiographies of Webb and his wife in a forthcoming copy of "New Encyclopedia of Texas," and furnish a copy thereof to Webb and distribute 5000 copies into Texas homes within certain periods; that time was the essence of these agreements, that Davis failed to comply with those

agreements within the time stipulated; that said oral agreements constituted the "real consideration" for said contracts, and that Davis' non-compliance therewith constituted a failure of consideration for the contracts.

The trial judge submitted the case to the jury, not upon the pleaded defense of failure of consideration, but upon the theory of fraudulent representations of an unnamed agent of Texas Historical Society, whereby Webb was fraudulently induced to execute the contracts sued on. The jury found for Webb on the issues submitted to them under this theory and Chamblin has appealed from the resulting adverse judgment.

In his one proposition appellant complains of that submission, upon the ground that the case so submitted was not authorized or supported by plaintiff's pleadings. We are obliged to sustain the proposition. It is elemental that a cause may not be submitted to a jury upon a claim or theory not pleaded by any party, and a judgment based upon such erroneous theory cannot stand. 25 Tex.Jur. pp. 474, 481, §§ 98, 102; First State Bank v. Stubbs, Tex.Civ.App., 48 S.W.2d 446; Bryant Co. v. School Dist., Tex.Civ.App., 274 S.W. 266; Smith v. Scott, Tex.Civ. App., 261 S.W. 1089.

The judgment is reversed and the cause remanded for another trial.